JOURNAL ENTRY AND OPINION
{¶ 1} Defendants Charles and Joyce Hairston (appellants) appeal the court's December 28, 2006 journal entry overruling their objections to the magistrate's September 8, 2006 decision reinstating a default judgment against them. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On April 28, 1998, Thomas McGuire Bail Bond Co. (McGuire) filed a complaint in the Cleveland Municipal Court for $900 plus interest against appellants, alleging an unpaid debt for posting bond for Charles in 1995. On August 11, 1998, the court granted a default judgment for $900 plus ten percent annual interest, in favor of McGuire, as appellants failed to file an answer or make an appearance.
 {¶ 3} The judgment against appellants lay dormant for years; however, on June 23, 2004, McGuire filed a motion to revive judgment, which the court granted on October 6, 2004, after appellants failed to appear at the hearing. Subsequently, appellants made a pro se appearance, filing various motions for relief from judgment. On April 20, 2006, the court granted appellants' motion to vacate the August 11, 1998 default judgment, based on a finding that McGuire failed to make a written or oral motion for default judgment, pursuant to Civ.R. 55(A). In granting the motion to vacate, the court adopted the magistrate's decision with findings of fact and conclusions of law, also dated April 20, 2006. Both the magistrate's decision and the court's judgment entry specifically noted that "defendants are granted leave to *Page 4 
plead or move within 14 days from the date this order is journalized. If defendants fail to timely plead or move, the original judgment shall be reinstated without further order of court."
 {¶ 4} On April 21, 2006, one day after the court granted appellants' motion and issued the warning, appellants filed a "Motion to Adopt Magistrate's Decision." This motion was moot, however, because the court already adopted the magistrate's decision on April 20, 2006. In addition, appellants' motion was unresponsive to the court's warning that they defend themselves as to why a default judgment should not be rendered against them.
 {¶ 5} On September 8, 2006, the court, via adoption of the magistrate's decision, reinstated the original August 11, 1998 default judgment against appellants, as they failed to answer the complaint or file another appropriate pleading. On September 15, 2006, appellants filed objections to the magistrate's September 8, 2006 decision. On December 28, 2006, the court overruled appellants' objections, and it is from this order that appellants appeal.
 II {¶ 6} Appellants appeal pro se, and in Delaney v. Cuyahoga Metro.Housing Auth. (July 7, 1994), Cuyahoga App. No. 65714, we held that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of *Page 5 
the law and legal procedures and are held to the same standards as litigants who are represented by counsel. Quinn v. Paras, Cuyahoga App. No. 82529, 2003-Ohio-4952. Additionally, Civ.R. 53 governs magistrate's decisions, and subsection (E)(3)(B) provides that a party must object to a magistrate's finding or conclusion before being permitted to assign such finding or conclusion as error on appeal.
 {¶ 7} In the instant case, appellants complied with the procedural rules for objecting to the magistrate's decision. Having stated this, however, only assignments of error stemming from the September 8, 2006 magistrate's decision and the court's judgment entry of the same date reinstating the original judgment are properly before us. We also note that McGuire did not file an appellee brief in this court.
 {¶ 8} In their first and second assignments of error, appellants argue that "the trial court committed] error by granting appellee a default judgment without a written or oral request therefor"; and "the trial court abuse[d] its discretion by setting hearing of a motion that had not been filed." Specifically, appellants argue that the court erred when it granted default judgment against them on August 11, 1998. These assignments of error are moot because the court vacated the August 11, 1998 judgment on the basis of McGuire's failure to move for a default judgment, as required by Civ.R. 55(A).
 III *Page 6 {¶ 9} In their third assignment of error, appellants argue that the "the trial court abuse[d] [its] discretion by vacating the judgment of April 13, 2006 and reinstating the original judgment." Specifically, appellants argue that the court abused its discretion when it reinstated the August 11, 1998 judgment because "no pleading was required of them in order to sustain the judgment in their favor entered on April 13, 2006."
 {¶ 10} The court reinstated the default judgment because appellants failed to heed the court's warning to plead or move in response to the original action against them. While we are sensitive to the fact that this case suffered from procedural defects, the court's April 20, 2006 decision vacating the August 11, 1998 judgment included thorough findings of fact and conclusions of law, which identified and ultimately corrected, the procedural mishaps by allowing appellants to file an answer to the original complaint. In other words, appellants were afforded a second chance to correct the mistake that resulted in the judgment against them.
 {¶ 11} A plaintiff in a civil action may be awarded a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *." Civ.R. 55(A). See, also, Civ.R. 7(A). A careful study of the record in the instant case reveals that appellants failed to file an answer, despite the court's allowing them a second opportunity to do so. *Page 7 
 {¶ 12} Accordingly, the court did not err by reinstating the default judgment against appellants, and their third assignment of error is overruled. IV {¶ 13} In appellants' fourth assignment of error, they argue that "the court enter[ed] judgment against the manifest weight of the evidence." The standard for weight of the evidence claims in civil cases can be found in CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,280: "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."
 {¶ 14} In the instant case, appellants put forth various arguments detailing the merits of potential defenses to the default judgment, such as blank spaces on the indemnity agreement and the shortcomings of the notary public. However, appellants failed to raise these issues in an answer or any other pleading in the trial court after being given two chances. Unfortunately, our hands are tied, and we are unable to entertain these arguments now. See, e.g., In re Miller, Franklin App. No. 04AP-783, 2005-Ohio-897 (holding that an appellant's attempt "to bootstrap her desire to have the case reopened * * * after judgment" was not well taken).
 {¶ 15} Appellants' fourth assignment of error is without merit.
 V *Page 8 {¶ 16} In their fifth assignment of error, appellants argue that "the vast number of irregularities occurring in the case [rose] to the level of tampering or an obstruction of justice by parties and/or persons unknown." Specifically, appellants argue that the following "irregularities" amount to reversible error: 1) "on a number of occasions the case file could not be located by clerks and various magistrates"; 2) that a hearing was scheduled without McGuire having filed a motion; and 3) that appellants' witnesses and opposing counsel failed to appear at a scheduled hearing.
 {¶ 17} Without evaluating the truthfulness of these statements, we find that, as a matter of law, none of these actions amounted to prejudicial error in the trial court. Appellants cite no case or statutory law in support of this assignment of error. Pursuant to App.R. 16(A)(7), an appellant must include in its brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." See In re Guardianship ofBlair, Mahoning App. No. 06 MA 108, 2007-Ohio-3335 (declining to review an argument that was not supported by legal authority in appellant's brief, pursuant to App.R. 16(A)(7) and 12(A)(2)).
 {¶ 18} Although unsupported by case law, in the interest of justice we review appellants' arguments under this assignment of error, and conclude that there is no sign of prejudicial error by the trial court. Appellants' argument amounts to a *Page 9 
conspiracy theory, as evidenced by the following allegation: "Defendants/Appellants are convinced that a person or persons were acting on behalf or at the direction of someone with an interest in the case, and since these actions have consistently been to the detriment of the Defendants/Appellants, the evidence tends to implicate someone acting on behalf or at the direction of the Plaintiff or his representative." Appellants fail to identify how the "irregularities" were detrimental to them, notwithstanding that judgment was rendered against them.
 {¶ 19} Accordingly, appellants' fifth assignment of error is overruled.
 VI {¶ 20} In their sixth and final assignment of error, appellants argue that "the plaintiff's attorney * * * [is] guilty of malicious prosecution or misconduct where no legal or factual basis existed for bringing suit against defendant/appellant Charles Hairston." Specifically, Charles argues that he should not be a party to this lawsuit. However, a cursory review of McGuire's complaint shows that Charles was a party to and his wife signed the indemnity agreement and promissory note executed on June 9, 1995 that is the basis of the unpaid debt, and thus the litigation. Appellants' final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellants costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate be sent to the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 1