JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Rita J. Locke-Calhoun (Locke-Calhoun), appeals the trial court's judgment in favor of plaintiff-appellee, Robert Smith III (Smith), for unpaid attorney's fees. After reviewing the parties' arguments and pertinent case law, we affirm.
 {¶ 2} On July 19, 2006, Smith filed a complaint against Locke-Calhoun and National City Bank for unpaid legal fees in the amount of $18,301.83, plus statutory interest. The complaint demanded the unpaid legal fees and statutory interest from Locke-Calhoun and demanded that National City Bank be enjoined from disbursing the funds to Locke-Calhoun from her bank account.
 {¶ 3} The facts reveal that Locke-Calhoun retained Smith to represent her in a separate matter against Progressive Casualty Insurance Company (Progressive). The fee agreement signed by both Smith and Locke-Calhoun on January 15, 2004, obligated Locke-Calhoun to pay a $7,500 retainer fee. Thereafter, Smith would receive 28% of the proceeds of any recovery above $50,000 as compensation for his services.
 {¶ 4} The matter between Locke-Calhoun and Progressive settled, entitling Smith to $18,301.83 in compensation. However, after settlement, Locke-Calhoun terminated Smith. Thereafter, Smith sent Locke-Calhoun a statement of professional services rendered. When Locke-Calhoun did not pay the amount due and owing, Smith filed a lien against Locke-Calhoun. *Page 4 
 {¶ 5} On December 12, 2007, Smith waived his right to a jury trial and the matter proceeded to a bench trial. Locke-Calhoun failed to appear until after commencement of trial. The trial court found in favor of Smith and against Locke-Calhoun in the amount of $20,381.83.
 {¶ 6} Locke-Calhoun appeals pro se, asserting six assignments of error for our review.
 ASSIGNMENT OF ERROR NUMBER ONE
 "The lower court erred when it failed to dismiss the Second Amended Complaint filed 7/20/06[.]"
 ASSIGNMENT OF ERROR NUMBER TWO
 "The lower court erred in scheduling and conducting a proper case management conference[.]"
 ASSIGNMENT OF ERROR NUMBER THREE
 "The lower court erred when it denied the Motion for Leave to File a Counter Claim[.]"
 ASSIGNMENT OF ERROR NUMBER FOUR
 "The lower court erred when it denied the defendant's Motion for Summary Judgment[.]"
 ASSIGNMENT OF ERROR NUMBER FIVE
 "The lower court erred when it proceeded to trial on December 10, 2007[.]"
 ASSIGNMENT OF ERROR NUMBER SIX *Page 5 
 "The lower court erred when it disregarded the contract between the parties, allowed a quantum meruit argument and found that the defendant owed the plaintiff $20,381.83[.]"
 {¶ 7} We have held that: "[a]n appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." Delaney v. Cuyahoga Metro. Housing Auth. (1994), Cuyahoga App. No. 65714. "However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel." Thomas McGuireBail Bond Co. v. Hairston, Cuyahoga App. No. 89307, 2007-Ohio-6648.
 {¶ 8} Pursuant to App. R. 16(A)(7):
 "The appellant shall include in its brief, under the headings and in the order indicated, all of the following * * * An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."
 {¶ 9} In the instant case, Locke-Calhoun fails to provide this court with an argument supporting her contentions with respect to each assignment of error presented for review and the reasons in support thereof. The "Law and Argument" section of Locke-Calhoun's appellate brief consists of five paragraphs in its entirety without any distinction with respect to each assignment of error.
 {¶ 10} Locke-Calhoun also fails to cite to any statute or case law in support of her contentions. App. R. 16(A)(7). *Page 6 
 {¶ 11} Further, no transcript of the trial proceedings have been filed on appeal. App. R. 9(B) requires that:
 "At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk."
 {¶ 12} We have held that:
 "[I]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient evidence to support the trial court's decision." Groedel v. Arsham, Cuyahoga App. No. 88245, 2007-Ohio-1715.
 {¶ 13} In light thereof, Locke-Calhoun's six assignments of error are overruled. Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1