JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jeremy Byrd ("Byrd"), appeals his convictions following his no contest plea. For the reasons that follow, we dismiss for lack of a final appealable order.
 {¶ 2} In December 2007, Byrd pled no contest to drug trafficking, drug possession, and possession of criminal tools. Each charge carried a forfeiture specification.[1] The trial court sentenced him to an aggregate of two years in prison.
 {¶ 3} Byrd now appeals, raising one assignment of error in which he argues that the trial court's plea colloquy was constitutionally deficient.
 {¶ 4} However, as an initial matter, we must address whether the judgment from which Byrd appeals is a final appealable order in light ofState v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163.
 {¶ 5} In Baker, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." Id. at the syllabus. The Baker decision is *Page 4 
based on Crim. R. 32(C), which requires that a judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. TheBaker court found that the more logical interpretation of Crim. R. 32(C) is to require a trial court "to sign and journalize a document memorializing the sentence and the manner of the conviction: a guilty plea, a no contest plea upon which the court has made a finding of guilt, a finding of guilt based upon a bench trial, or a guilty verdict resulting from a jury trial." Id. at ¶ 12.
 {¶ 6} In the instant case, Byrd appealed from the following order, which states in pertinent part:
 "The defendant plead no contest and was found guilty by the court of trafficking offenses 2925.03A(2) F2 with schoolyard specification, forfeiture specification (2941.1417) as charged in count(s) 1 of the indictment. On a former day of court, the defendant plead no contest and was found guilty by the court of drug possession 2925.11 a F3 with forfeiture specification (2941.1417) as charged in count(s) 2 of the indictment. On a former day of court, the defendant plead no contest and was found guilty by the court of possessing criminal tools 2923.24 a F5 with forfeiture specification (2941.1417) as charged in count(s) 3 of the indictment. *** The court imposes a prison sentence at the Lorain Correctional Institution of 2 year(s). 2 years on count 1, 1 year on count 2, 6 months on count 3."
 {¶ 7} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III, (B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter. *Page 5 
 {¶ 8} Here, the order Byrd seeks to appeal fails to address the forfeiture specifications-it does not describe the forfeited property, and it does not order the specific property to be forfeited. Because this order does not satisfy the requirements of Baker and Crim. R. 32(C), we lack jurisdiction to consider the appeal.
 {¶ 9} Accordingly, the appeal is dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J., AND LARRY A. JONES, J., CONCUR
[1] In addition to the forfeiture specifications, the drug trafficking charge carried a schoolyard specification. *Page 1