[Cite as *State v. Jones*, 2011-Ohio-3984.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95961

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ELBERT JONES

DEFENDANT-APPELLANT

**JUDGMENT:**
**DISMISSED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-535173

**BEFORE:**   Keough, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   August 11, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Elbert Jones ("Jones"), appeals his guilty plea. For the reasons that follow, we dismiss for lack of a final appealable order.

{¶ 2} In 2010, Jones pled guilty to one count each of burglary, aggravated burglary, and having a weapon while under disability. Each count contained forfeiture specifications. The trial court sentenced Jones to a total of eight years in prison.

**{¶ 3}** Jones appeals, raising two assignments of error, and challenging his plea and the trial court's denial of his motion to vacate his plea. Jones contends that his plea was not made knowingly, intelligently, and voluntarily.

**{¶ 4}** However, as an initial matter, we find that the judgment from which Jones appeals is not a final appealable order. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter.

**{¶ 5}** On April 25, 2011, this court sua sponte remanded the record in this appeal to the trial court pursuant to App.R. 9(E) for correction of the trial court's judgment of conviction. We stated, in pertinent part, "The trial court's judgment of conviction journalized October 6, 2010 does not indicate the disposition of the two forfeiture specifications attached to Count 1. Crim.R. 32(C) imposes a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge and specification prosecuted. With respect to forfeiture specifications, the judgment must describe the forfeited property, and order the specific property to be forfeited. *State v. Byrd*, Cuyahoga App. No. 91090, 2009-Ohio-1876."

**{¶ 6}** In *Byrd*, this court in dismissing an appeal for lack of a final appealable order regarding forfeiture specifications held, "the order Byrd seeks to appeal fails to address the forfeiture specifications — it does not describe the forfeited property, and it does not order the specific property to be forfeited." Id. at ¶8. Because the order did

not address the forfeiture specifications, this court found that it did not comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and thus was not a final appealable order. A judgment of conviction is a final appealable order * * * "'when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court.'" Id. at 5, quoting *Baker* at the syllabus.

{¶ 7} Reviewing the trial court's corrected judgment of conviction filed in the instant matter, we find that it still does not comply with *Byrd*, *Baker*, and Crim.R. 32(C). The pertinent part of the trial court's corrected judgment entry provides: "Defendant to forfeit to the State: All weapons involved in this case." We find that this blanket statement does not describe with specificity the forfeited property as required by *Byrd*.

{¶ 8} Moreover, we cannot glean from the record what weapons Jones was alleged to have owned or possessed in connection with the charged offenses and what weapons are to be forfeited. Neither the indictment, bill of particulars, or the State's response to discovery identifies any of the "weapons involved in this case."

{¶ 9} Accordingly, we lack jurisdiction to consider the appeal.

Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, J., CONCURS;

PATRICIA ANN BLACKMON, P.J., CONCURS WITH SEPARATE OPINION

PATRICIA ANN BLACKMON, P.J., CONCURRING:

{¶ 10} I concur with the Majority and write separately to stress that the holding of this case should be narrowly construed. The trial court specified that "any weapons involved in this case" were to be forfeited. This language does not sufficiently describe the property to be forfeited as required by R.C. 2981.04 because there were four defendants in this case that were jointly indicted for aggravated burglary with firearm specifications. This implies there was more than one weapon involved, and the record fails to specify the weapon Jones used or if he used more than one weapon. Therefore, under these circumstances, I believe the trial court must specifically describe the weapon or weapons used by Jones or state "all the weapons used by Jones." Interestingly, during the plea proceedings, the state contended it was Jones's co-defendants who used guns to commit the robbery and that Jones was charged as an aider and abetter.