[Cite as *State v. Bohanon*, 2011-Ohio-4108.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95907

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TAMEKA BOHANON

DEFENDANT-APPELLANT

---

## JUDGMENT:
## DISMISSED

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-535173

**BEFORE:** E. Gallagher, J., Blackmon, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 18, 2011

**ATTORNEY FOR APPELLANT**

Kevin M. Cafferkey
2000 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Robert Botnick
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶ 1}  Tameka Bohanon appeals her sentence from the Cuyahoga County Court of Common Pleas.   Bohanon argues the trial court erred in imposing a term of incarceration that was not proportionate to similarly situated offenders and that her trial counsel rendered ineffective assistance in failing to raise this argument at sentencing. For the reasons that follow, we dismiss for lack of a final appealable order.

{¶ 2}  On March 16, 2010, a Cuyahoga County Grand Jury indicted Bohanon with two counts of aggravated burglary with forfeiture and one- and three-year firearm

specifications, two counts of aggravated robbery with forfeiture and one- and three-year firearm specifications, two counts of felonious assault, failure to comply, improperly handling firearms in a motor vehicle, and having weapons while under disability and theft.

{¶ 3} On August 16, 2010, Bohanon retracted her plea of not guilty and pleaded guilty to an amended count of burglary with the firearm specifications deleted, one count of felonious assault, and one count of improperly handling firearms in a motor vehicle. As a condition of her plea, Bohanon forfeited two handguns. The remaining charges against Bohanon were nolled.

{¶ 4} On September 22, 2010, Bohanon was sentenced to seven years for burglary, nine years for felonious assault, and eleven months for improperly handling firearms in a motor vehicle. The transcript of the sentencing hearing reveals that the trial court ordered the nine and seven years to be served consecutively with the eleven months to be served concurrently, for a total prison term of sixteen years. Nonetheless, the trial court's journal entries of September 28, 2010 and May 25, 2011, reflect that the trial court ordered all three prison terms to run consecutively for a total prison sentence of sixteen years, eleven months. The parties to this appeal both state that Bohanon's total prison term is sixteen years.[1]

---

[1]It is a fundamental principle of appellate review that the court speaks only through its journal. *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454, 727 N.E.2d 907; *State v. Ahmed*, Cuyahoga App. No. 88315, 2007-Ohio-2639. As such,

{¶ 5} Bohanon appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 6} Similar to this Court's holding in *State v. Jones*, Cuyahoga App. No. 95961, 2011-Ohio-3984, we find that the judgment from which Bohanon appeals is not a final appealable order. Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section III(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter.

{¶ 7} On April 27, 2011, this court, sua sponte, remanded the record in this appeal to the trial court pursuant to App.R. 9(E) for correction of the trial court's judgment of conviction. We stated, in pertinent part, "[t]he trial court's judgment of conviction journalized on September 28, 2010 does not indicate the disposition of the two forfeiture specifications attached to count 1. Crim.R. 32(C) imposes a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge and specification prosecuted. With respect to forfeiture specifications, the judgment must describe the forfeited property and order the specific property to be forfeited. *State v. Byrd*, Cuyahoga App. No. 91090, 2009-Ohio-1876."

{¶ 8} In *Byrd*, this court in dismissing an appeal for lack of a final appealable order regarding forfeiture specifications held, "the order Byrd seeks to appeal fails to

we shall note Bohanon's sentence as sixteen years, eleven months.

address the forfeiture specifications — it does not describe the forfeited property and it does not order the specific property to be forfeited." Id. at ¶8. Because the order did not address the forfeiture specifications, this court found that it did not comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and thus was not a final appealable order. A judgment of conviction is a final appealable order * * * "when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *Byrd* at 5, quoting *Baker* at the syllabus.

{¶ 9} Reviewing the trial court's corrected judgment of conviction filed in the instant matter, we find that it still does not comply with *Byrd, Baker*, and Crim.R. 32(C). The pertinent part of the trial court's corrected judgment entry provides: "Defendant forfeits both of the guns." We find that this vague and general statement does not describe with specificity the forfeited property as required by *Byrd*. See, also, *Jones*, supra.

{¶ 10} Moreover, we cannot ascertain from the record what weapons Bohanon was alleged to have owned or possessed in connection with the charged offenses and what weapons are to be forfeited. Neither the indictment, bill of particulars, or the State's response to discovery identifies "both of the guns."

{¶ 11} Accordingly, we lack jurisdiction to consider the appeal.

Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
PATRICIA A. BLACKMON, P.J., DISSENTS
WITH SEPARATE OPINION ATTACHED

PATRICIA ANN BLACKMON, P.J., DISSENTING:

{¶ 12} I respectfully dissent from the majority opinion. I believe the trial court's judgment entry ordering "Defendant forfeits both of the guns" is specific enough to constitute a valid forfeiture order. It clearly details that the weapons to be forfeited are "guns" and that there were "two" of them involved in the case. I find this language is more specific than in Bohanon's co-defendant's case, which we dismissed. *State v. Jones*, Cuyahoga App. No. 95961. In Jones's case the court ordered the defendant to forfeit "all weapons," which is a much more vague order. Therefore, I conclude the judgment entry is a final, appealable order and would address the merits of the appeal.

## Appendix

**Assignments of Error:**

**"I.   The trial court erred in imposing a term of incarceration that is not proportionate to similarly situated defendants."**

**"II.   Defendant-appellant was denied the effective assistance of counsel."**