[Cite as *State v. Legion*, 2012-Ohio-1045.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96894

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TANYA LEGION

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546292

**BEFORE:**   Boyle, P.J., Sweeney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    March 15, 2012

**ATTORNEY FOR APPELLANT**

Brooke Deines
Law Offices of Brooke Deines, LLC
P.O. Box 91426
Cleveland, Ohio   44101


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Marcus L. Wainwright
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Tanya Legion, appeals her prison sentence, arguing that the trial court failed "to properly consider the factors enumerated in R.C. 2929.12 when imposing a prison term." We find her single assignment of error unpersuasive and affirm.

## Procedural History and Facts

{¶2} In January 2011, Legion and her co-defendant, Paul Rabb, were indicted on two counts: (1) trafficking, in violation of R.C. 2925.03(A)(1); and (2) trafficking, in violation of R.C. 2925.03(A)(2). Both counts carried three forfeiture clauses relating to a scale, $10 in cash, and packaging material. The forfeiture involving the $10 specifically identified Paul Rabb as the sole owner or possessor of the property.

{¶3} According to the state, on January 13, 2010, Legion approached a confidential reliable informant ("CRI") and led the CRI to the co-defendant, Paul Rabb, who had marijuana in his possession. Through Legion's assistance, Rabb sold 2.55 grams of marijuana to the CRI.

{¶4} Legion eventually pled no contest to the first two charges of the indictment, and the trial court found her guilty on two counts of drug trafficking and the attached forfeitures. Following a presentence investigation, the trial court merged the two counts and imposed a sentence of nine months in prison on Count 1. The trial court's journal

entry memorializing Legion's conviction and sentence, dated June 7, 2011, stated the following with respect to the forfeitures:

"Defendant to forfeit to the state: scale, packaging material."

{¶5} From this order, Legion appeals, raising one assignment of error challenging her sentence.

### Final Appealable Order

{¶6}   Before we address the substance of Legion's appeal, we first must consider this court's jurisdiction to hear the appeal.   Because the June 7, 2011 journal entry did not dispose of the forfeiture-of-money specification or identify the forfeited items with specificity, this court ordered the parties to show cause in writing whether the June 7th sentencing entry is a final appealable order.   After consideration of the arguments and in light of recent announcements of the Ohio Supreme Court, we find that the journal entry is a final appealable order.

{¶7}   Initially, we note that the forfeiture-of-money specification does not pertain to Legion.   The indictment specifically identifies co-defendant Paul Raab as the offender who is to forfeit the money.   Because this specification does not apply to Legion, it need not be addressed in the judgment entry.

{¶8}   The critical issue is whether the journal entry's failure to identify the items to be forfeited with specificity precludes the judgment from being a final appealable order.   Legion argues that it is a not a final appealable order based on this court's

decisions in *State v. Bohanon*, 8th Dist. No. 95907, 2011-Ohio-4108, and *State v. Jones*, 8th Dist. No. 95961, 2011-Ohio-3984, which required the trial court to describe the property to be forfeited with specificity before the judgment would be considered final and appealable. These decisions, however, relied on the Ohio Supreme Court's decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and strictly analyzed the requirements of Crim.R. 32(C) in determining what constitutes a final appealable order.

{¶9} In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, however, the Ohio Supreme Court modified its decision in *Baker*, recognizing the following:

{¶10} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk."

{¶11} The *Lester* court limited *Baker*, noting that it should not stand for a strict application of Crim.R. 32(C) that requires the journal entry to describe the particular manner of conviction. *Id.* at ¶ 9-12. Instead, the *Lester* court recognized that a judgment entry need only disclose the fact of conviction to be final and appealable. *Id.* at ¶ 11. In reaching this conclusion, the court distinguished between the "substantive provisions" of Crim.R. 32(C) and those that are merely a "matter of form." *Id.* at ¶ 12. Whereas the omission of a substantive provision precludes a finding of a final appealable

order, the same cannot be said regarding a provision that is a "matter of form."  *Id.*   As stated by the court: "[T]he fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final." *Id.* at ¶ 16.

{¶12} Applying *Lester*, we find that the June 7, 2011 journal entry is a final appealable order because the entry contains all the necessary substantive provisions for a final judgment.   In contrast, the failure of the trial court to identify the items forfeited with more specificity is a "matter of form" that can be raised as an error in a direct appeal.  *See State ex rel. Jones v. Ansted*, 131 Ohio St.3d 125, 2012-Ohio-109, 961 N.E.2d 192 (finding that journal entry was a final appealable order despite not disposing of every firearm specification that defendant was found guilty; court held that defect could be raised in a direct appeal).   It does not, however, affect the finality of the judgment entry.

{¶13} Accordingly, having found that we have jurisdiction to hear this appeal, we now turn to the merits of Legion's appeal.

Sentencing

{¶14} In her single assignment of error, Legion argues that the trial court failed to properly consider the seriousness of her crime and her likelihood of recidivism.   She contends that these factors weighed against a prison sentence, and therefore the trial court

abused its discretion in imposing a nine-month prison sentence. We disagree.

**{¶15}** Appellate courts must apply a two-step approach when reviewing a defendant's sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 4.

> First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.*

**{¶16}** In *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, the Ohio Supreme Court held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Id.* at ¶ 100. *See also State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768 (upholding *Foster*).

**{¶17}** The Supreme Court explained in *Kalish* that "[a]lthough *Foster* eliminated mandatory judicial fact-finding for upward departures from the minimum, it left intact R.C. 2929.11 and 2929.12. The trial court must still consider these statutes." *Id.* at ¶ 13, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

**{¶18}** R.C. 2929.11 and 2929.12 "are not fact-finding statutes"; instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence. *Kalish* at ¶ 17.

In considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. Moreover, R.C. 2929.12 explicitly permits a trial court to exercise its discretion in considering whether its sentence complies with the purposes of sentencing. *Id.*

{¶19} Thus, "assuming the trial court has complied with the applicable rules and statutes, the exercise of its discretion in selecting a sentence within the permissible statutory range is subject to review for abuse of discretion pursuant to *Foster*." *Id.*

{¶20} In *Kalish*, the Supreme Court also made clear that even after *Foster*, "where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." *Id.* at fn. 4, citing *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus.

{¶21} R.C. 2929.11(A) provides that when a trial court sentences an offender for a felony conviction it must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) states that a felony sentence "must be reasonably calculated to achieve the purposes set forth under R.C. 2929.11(A), commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." And R.C. 2929.12 sets forth factors concerning the seriousness of the offense and recidivism factors.

{¶22} In this case, Legion acknowledges that her sentence was not contrary to law; indeed, her sentence was within the statutory range for the offense. She contends, however, that the trial court failed to take into consideration mitigating factors, including the fact that she did not initiate the offense, she did not cause any physical harm, she has close family ties in the community, and that she desires help for her drug addiction.

{¶23} After reviewing the record, we find Legion's arguments unpersuasive. Aside from stating that it considered the guidelines set forth in the sentencing statutes, the trial specifically highlighted those factors that it believed indicated that Legion was likely to reoffend and why a prison term was necessary, i.e., her numerous past convictions and failure to comply with sanctions imposed in the past. Notably, the trial court was sensitive to Legion's addiction, recommending "transitional control" after she served three months of her nine-month prison term.

{¶24} Accordingly, we find that the trial court acted well within its discretion in imposing the prison term given. Legion's sole assignment of error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court

for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

JAMES J. SWEENEY, J., and
SEAN C. GALLAGHER, J., CONCUR