[Cite as *State v. Henderson*, 2012-Ohio-1040.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95655

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PAUL HENDERSON

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530899

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**FOR APPELLANT**

Paul S. Henderson, pro se
Inmate No. 573-468
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301-0057


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Louis J. Brodnik
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-Appellant, Paul Henderson, appeals his convictions for drug trafficking, drug possession, and possession of criminal tools. After careful review of the record and relevant case law, we affirm appellant's convictions.

{¶2} On December 10, 2009, appellant was named in a three-count indictment charging him with trafficking in marijuana in excess of 20,000 grams, in violation of R.C. 2925.03(A)(2), a felony of the second degree; drug possession in excess of 20,000 grams of marijuana, in violation of R.C. 2925.11(A), a felony of the second degree; and possession of criminal tools, in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶3} Appellant's jury trial commenced on June 4, 2010. The following testimony was presented at trial.

{¶4} Paulette Gentry testified that she was employed by Town Air Freight as a shift supervisor and dispatcher. Gentry stated that on September 9, 2009, she noticed a package that aroused her suspicions because it reminded her of a 2008 instance where authorities discovered a large quantity of marijuana in a package that had been delivered for pickup by appellant.[1] With those suspicions in mind, Gentry immediately contacted

---

[1]Based on appellant's receipt of the 2008 shipment of marijuana, he was charged with drug trafficking in Case No. CR-520709. The facts of appellant's prior offense were admitted at trial in accordance with Evid.R. 404.

Deputy Anthony Quirino, whom she knew as a K-9 officer with the sheriff's office from the 2008 investigation of appellant.

{¶5} Deputy Anthony Quirino testified that he was a K-9 handler and deputy with the Cuyahoga County Sheriff's Office. Deputy Quirino testified that he and his dog, Hugo, responded to a call from Town Air Freight that they possessed a suspicious package. Deputy Quirino testified that Hugo went directly to the suspicious package and signaled that it contained drugs. Subsequently, the package was taken to the police department for inspection. Upon obtaining a search warrant, Deputy Quirino inspected the package and confirmed that it contained approximately 60 pounds of marijuana, worth an estimated $60,000. The package was then returned to Town Air Freight for a "controlled delivery," and appellant was informed that his package was ready to be picked up.

{¶6} Appellant's girlfriend, Patricia Casey, testified that on September 24, 2009, appellant drove her to the Town Air Freight warehouse and instructed her to go into the warehouse and sign for a package. Casey testified that the invoice identified "Paul Anderson"[2] as the recipient and indicated that the package contained auto parts. Casey testified that she went into Town Air Freight and signed her name for appellant's

---

[2] Appellant used his real name, Paul Henderson, on the 2008 shipment invoice.

package, and the package was loaded into appellant's van by a Town Air Freight employee.[3]

{¶7} Deputy Ben Meder of the Cuyahoga County Sheriff's Department testified that he was assigned by his department to conduct surveillance of appellant's vehicle. Deputy Meder testified that unmarked police vehicles followed appellant once he left Town Air Freight with the package. After appellant dropped Casey off at her home, police officers stopped appellant's vehicle and arrested him. A cell phone and $21 in cash was found on appellant, and officers retrieved a second cell phone from appellant's vehicle.

{¶8} On June 7, 2010, the jury found appellant guilty of all counts. At his sentencing hearing, the trial court concluded that the possession and trafficking convictions were allied offenses, and the state elected to pursue sentencing on appellant's drug trafficking conviction. Appellant was sentenced to an aggregate nine-year term of imprisonment, a $7,750 fine, court costs, driver's license suspension, and the forfeiture of two cell phones.

{¶9} Appellant now brings this timely appeal, pro se, raising six assignments of error for review.[4]

---

[3]Because of her involvement, Casey was arrested and named as appellant's co-defendant. Casey testified that she entered a guilty plea to a reduced charge in exchange for her truthful testimony against appellant.

[4] Appellant's assignments of error are contained in the appendix to this opinion.

**{¶10}** We note that

"an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." However, pro se litigants are presumed to have knowledge of the law and legal procedures and are held to the same standards as litigants who are represented by counsel. *Thomas McGuire Bail Bond Co. v. Hairston*, 8th Dist. No. 89307, 2007-Ohio-6648, 2007 WL 4340858 at ¶ 6, quoting *Delaney v. Cuyahoga Metro. Housing Auth.*, 8th Dist. No. 65714, 1994 WL 326097 (July 7, 1994).

Law and Analysis

Final Appealable Order

**{¶11}** Before we address the substance of appellant's appeal, we first must consider this court's jurisdiction to hear the appeal.

**{¶12}** The critical issue is whether the journal entry's failure to identify the items to be forfeited with specificity precludes the judgment from being a final, appealable order. In *State v. Bohanon*, 8th Dist. No. 95907, 2011-Ohio-4108, 2011 WL 3629238, and *State v. Jones*, 8th Dist. No. 95961, 2011-Ohio-3984, 2011 WL 3557092, this court held that the trial court is required to describe the property to be forfeited with specificity before the judgment would be considered final and appealable. These decisions, however, relied on the Ohio Supreme Court's decision in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and strictly analyzed the requirements of Crim.R. 32(C) in determining what constitutes a final, appealable order.

**{¶13}** In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus, however, the Ohio Supreme Court has modified its decision in *Baker*, recognizing the following:

A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

**{¶14}** The *Lester* court limited *Baker*, noting that it should not stand for a strict application of Crim.R. 32(C) that requires the journal entry to describe the particular manner of conviction. *Id.* at ¶ 9-12. Instead, the *Lester* court recognized that a judgment entry need only disclose the fact of conviction to be final and appealable. *Id.* at ¶ 11. In reaching this conclusion, the court distinguished between the "substantive provisions" of Crim.R. 32(C) and those that are merely a "matter of form." *Id.* at ¶ 12. Whereas the omission of a substantive provision precludes a finding of a final, appealable order, the same cannot be said regarding a provision that is a "matter of form." *Id.* As stated by the court: "[T]he fact that a defendant may be entitled to a revised order setting forth an inadvertently omitted term that is required by Crim.R. 32(C) as a matter of form does not prevent an original order that conforms to the substantive requirements of Crim.R. 32(C) from being final." *Id.* at ¶ 16.

**{¶15}** Applying *Lester*, we find that the journal entry here is a final, appealable order because the entry contains all the necessary substantive provisions for a final judgment. In contrast, the failure of the trial court to identify the items forfeited with more specificity is a "matter of form" that can be raised as an error in a direct appeal. *See State ex rel. Jones v. Ansted*, ____N.E.2d ____, 2012-Ohio-109 (finding that the journal entry was a final appealable order despite not disposing of every firearm

specification for which defendant was found guilty; court held that defect could be raised in a direct appeal). It does not, however, affect the finality of the judgment entry.

{¶16} Accordingly, having found that we have jurisdiction to hear this appeal, we now turn to the merits of appellant's appeal.

## I. Legality of Search and Seizure

{¶17} In his first assignment of error, appellant argues that the judgment of the trial court violated his Fourth Amendment right to be free from the illegal seizure of a person and property.

{¶18} The suppression of evidence must be raised in a pretrial motion. Crim.R. 12(C)(3). Because appellant did not challenge the admissibility of his search and seizure prior to trial, he has removed this from our consideration. *State v. Chandler*, 8th Dist. No. 81817, 2003-Ohio-6037, 2003 WL 22671580, ¶ 32 ("[b]y failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission."); *State v. Roskovich*, 7th Dist. No. 04 BE 37, 2005-Ohio-2719, 2005 WL 1301738, ¶ 13 ("a defendant's failure to raise an issue in a motion to suppress constitutes a waiver of that issue on appeal."); *State v. Stuber*, 3d Dist. No. 1-02-66, 2003-Ohio-982, 2003 WL 747991, ¶ 10 ("[b]ecause the appellant failed to request a motion to suppress, the issues asserted in his assignment of error are waived").

{¶19} Appellant's first assignment of error is overruled.

## II. Right to Assemble and Associate

**{¶20}** In his second assignment of error, appellant argues that the trial court erred to his prejudice in that his conviction violated his right to assembly and association guaranteed by the First Amendment to the United States Constitution.

**{¶21}** Throughout the trial, appellant maintained that he was engaging in a legitimate delivery business at the time of his arrest. Preliminarily, we note that appellant did not challenge the constitutionality of his conviction at trial. It is axiomatic that a litigant's failure to raise an issue in the trial court waives his right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220, 574 N.E.2d 457 (1991). Therefore, this court may not address this issue for the first time on appeal. Regardless, we find no merit to appellant's constitutional challenge because the First Amendment does not guarantee the right to conspire in criminal conduct or possess and transport approximately 60 pounds of marijuana.

**{¶22}** Appellant's second assignment of error is overruled.

### III. Ineffective Assistance of Counsel

**{¶23}** In his third assignment of error, appellant argues that he received ineffective assistance of counsel.

**{¶24}** In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 687-696, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶25}** In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. *State v. Smith*, 17 Ohio St.3d 98, 477 N.E.2d 1128 (1985); *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965).

**{¶26}** The Ohio Supreme Court held in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), that

> "[w]hen considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle*, 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627 (1976). This standard is essentially the same as the one enunciated by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668 * * *.
>
> Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. *United States v. Morrison*, 449 U.S. 361, 364-365, 101 S.Ct. 665, 667-68, 66 L.Ed.2d 564] (1981)." *Strickland*, supra, 466 U.S. at 691, 104 S.Ct. at 2066. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, supra, at 694, 104 S.Ct. at 2068. *Bradley* at 142.

**{¶27}** Appellant has failed to present this court with a basis for his ineffective assistance claim. Rather, he merely states that "trial counsel was not operating as counsel guaranteed under the Sixth Amendment, and had he properly represented appellant and co-defendant[,] the outcome would have been different." It is not the duty

of this court to search the record for evidence to support defendant's argument of an alleged error. *State v. Porter*, 9th Dist. No. 18384, 1997 WL 803070, at *4 (Dec. 24, 1997). Because appellant has failed to provide this court with specific instances of alleged ineffective assistance, we are unable to conclude that the performance of appellant's counsel was deficient.

{¶28} Appellant's third assignment of error is overruled.

IV.   Cruel and Unusual Punishment

{¶29} In his fourth assignment of error, appellant argues that his imprisonment for operating a legitimate business was cruel and unusual, in violation of the Eighth Amendment to the United States Constitution.

{¶30}   As stated, constitutional arguments are generally not considered for the first time on appeal. *State v. Hamann*, 90 Ohio App.3d 654, 630 N.E.2d 384 (8th Dist.1993).   Moreover, even if appellant had properly raised this argument, we find that his conviction and subsequent imprisonment for illegally possessing and transporting marijuana did not violate the Eight Amendment's protections against cruel and unusual punishment.

{¶31} The Ohio Supreme Court has held that to be determined cruel and unusual, for purposes of federal and state constitutional law, "the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community." *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 715 N.E.2d 167 (1999); *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964).   Here, it is highly unlikely that a nine-year

sentence imposed within the statutory framework for appellant's felony convictions would shock any reasonable person's sense of justice.

{¶32} Appellant's fourth assignment of error is overruled.

## V. Cumulative Errors

{¶33} In his fifth assignment of error, appellant argues that the trial court's cumulative errors denied him due process, in violation of the Fourteenth Amendment. In *State v. DeMarco*, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987), the Ohio Supreme Court recognized the doctrine of cumulative error. Pursuant to this doctrine, a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal. *State v. Baker*, 8th Dist. No. 95300, 2011-Ohio-2784, 2011 WL 2409203, ¶ 59, citing *State v. Garner*, 74 Ohio St.3d 49, 656 N.E.2d 623 (1995).

{¶34} "In order to find 'cumulative error' present, we first must find that multiple errors were committed at trial. We then must find a reasonable probability that the outcome of the trial would have been different but for the combination of the separately harmless errors." (Citations omitted.) *State v. Djuric*, 8th Dist. No. 87745, 2007-Ohio-413, 2007 WL 274373, ¶ 52.

{¶35} As we have previously discussed, appellant has failed to demonstrate that multiple errors occurred during his trial, let alone that those errors resulted in prejudice.

{¶36} Appellant's fifth assignment of error is overruled.

## VI. Illegal Seizure

**{¶37}** In his sixth assignment of error, appellant argues that the trial court erred to his prejudice in violation of his constitutional right to be free from illegal seizure of a person. Appellant raises various theories under this assignment of error.

### a. Speedy Trial

**{¶38}** Initially, appellant contends that he was denied his right to a speedy trial. A criminal defendant is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution, which was made applicable to the states as a fundamental right by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Klopfer v. N. Carolina*, 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). This right is also guaranteed by Section 10, Article I of the Ohio Constitution. Furthermore, state legislatures are authorized by *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to enact procedural rules or laws consistent with the constitutional guarantee. *Id.* Courts strictly enforce statutory speedy trial rights because the speedy trial statutes protect the constitutional guarantee of a public speedy trial. *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980).

**{¶39}** In Ohio, R.C. 2945.71 sets forth the time period in which a defendant must be brought to trial. Generally, if a defendant is incarcerated on an unrelated matter, the speedy trial provisions in R.C. 2945.71 are tolled pursuant to R.C. 2945.72(A). However, if a defendant is incarcerated in a state correctional institution, he may assert

his right to be brought to trial within 180 days by complying with the requirements of R.C. 2941.401.

{¶40} R.C. 2941.401 provides:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and * * * there is pending in this state any untried indictment * * * against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

* * *

If the action is not brought to trial within the time provided * * * no court any longer has jurisdiction thereof, the indictment * * * is void, and the court shall enter an order dismissing the action with prejudice.

{¶41} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of incarceration and to request final disposition of outstanding charges. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved

in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." *Id*. at 311.

**{¶42}** In the case sub judice, appellant was incarcerated within the state of Ohio at the time he filed a notice of availability on December 29, 2009. Thus, appellant initiated his right to be brought to trial within 180 days pursuant to R.C. 2941.401. Here, appellant's trial began on June 4, 2010, well within the 180-day window mandated by R.C. 2941.401. Accordingly, appellant was not denied his right to a speedy trial.

b. Subject Matter Jurisdiction

**{¶43}** Next, appellant contends that defects in the complaint and the supporting affidavit in the initial state of this case deprived the trial court of subject matter jurisdiction, thereby warranting the dismissal of all charges.

> [S]ubject matter jurisdiction is conferred upon the court of common pleas by R.C. 2931.03, which provides: "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." *Peters v. Anderson*, 9th Dist. No. 02CA008096, 2002-Ohio-6766, 2002 WL 31761490, at ¶ 17.

"The felony jurisdiction is invoked by the return of a proper indictment by the grand jury of the county." *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).

**{¶44}** Appellant was indicted by the Cuyahoga County Grand Jury on December 10, 2009. This invoked the felony jurisdiction of the Cuyahoga County Court of Common Pleas, pursuant to R.C. 2931.03. *Gotel v. Gansheimer*, 11th Dist. No. 2006-A-0087, 2007-Ohio-2311, 2007 WL 1395446, ¶ 8, citing *Peters v. Anderson, supra*; *State v. Barnes*, 8th Dist. No. 92515, 2011-Ohio-63, 2011 WL 193369. Consequently,

any alleged defects with the initial complaint are irrelevant and harmless to appellant's convictions because he was tried and convicted on the indictment. *See State v. Jenkins*, 4th Dist. No. 02CA5, 2003-Ohio-1058, 2003 WL 894807, ¶ 24. Accordingly, the trial court had subject matter jurisdiction over the case.

{¶45} Appellant's sixth assignment of error is overruled.

{¶46} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR

APPENDIX

Appellant's assignments of error:

I.      The trial court erred to the prejudice of appellant in violation of is Fourth Amendment right to be free from illegal seizure of a person and property.

II.     The trial court erred to the prejudice of appellant in violation of the First Amendment right.

III.    Trial counsel was not effective and had counsel been counsel as guaranteed under the Sixth Amendment, the outcome would be been different.

IV.     Being wrongfully imprisoned for operating a legitimate business was cruel and unusual punishment because it violated the Eighth Amendment.

V.      The cumulative effect of claims I through IV denied appellant due process in violation of the Fourteenth Amendment.

VI.     The trial court erred to the prejudice of appellant in violation of his Fourth and Eighth Amendment rights to be free from illegal seizure of a person, and cruel and unusual punishment because it violated the Eighth Amendment.