[Cite as *State v. Holland*, 2013-Ohio-4136.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-53 |
| | : | |
| BRIAN E. HOLLAND | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Licking County Court of
                                   Common Pleas, Case No. 10 CR 00628


JUDGMENT:                          AFFIRMED


DATE OF JUDGMENT ENTRY:            September 10, 2013


APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

KENNETH W. OSWALT                           BRIAN E. HOLLAND, PRO SE
LICKING CO. PROSECUTOR                      #647-963
JUSTIN T. RADIC                             Franklin Medical Center
20 S. Second St., Fourth Floor              1800 Harmon Ave.
Newark, OH 43055                            P.O. Box 23651
                                            Columbus, OH 43223

*Delaney, J.*

{¶1}   Appellant Brian E. Holland appeals from the June 10, 2013 judgment entry of the Licking County Court of Common Pleas overruling his motion regarding an "illegal complaint."  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   A statement of the facts underlying appellant's conviction is not necessary to our resolution of this appeal.

{¶3}   Appellant was charged by indictment with one count of illegal manufacture of methamphetamine pursuant to R.C. 2925.04(A)(C)(3)(a), a felony of the second degree, and one count of illegal assembly of chemicals with intent to manufacture methamphetamine pursuant to R.C. 2925.041(A)(C)(1), a felony of the third degree. Appellant was found guilty as charged upon trial by jury and sentenced to a prison term of seven years.  We affirmed appellant's convictions and sentence in *State v. Holland*, 5th Dist. Licking No. 11-CA-47, 2013-Ohio-904, appeal not allowed, 136 Ohio St.3d 1404, 2013-Ohio-2645, 989 N.E.2d 1020.[1]

{¶4}   On May 3, 2013, appellant filed a "Motion Subject Matter Jurisdiction In-Valid Complaint (*sic*)" in the trial court, asserting the original complaint filed in municipal court was invalid pursuant to Crim.R. 3 and therefore the resulting judgment was a nullity.  On June 10, 2013, the trial court overruled appellant's motion by Judgment Entry, noting appellant was duly indicted by grand jury on November 12, 2010.

{¶5}   Appellant now appeals from the judgment entry of the trial court.

---

[1] The rest of the lengthy and circuitous appellate history of this case is not relevant to the issues herein.

{¶6}   This case comes to us on the accelerated calendar.  App.R. 11.1 governs accelerated-calendar cases and states in pertinent part:

> (E)  Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1.
>
> It shall be sufficient compliance with App.R. 12(A) for the
>
> statement of the reason for the court's decision as to each
>
> error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will
>
> not be published in any form.

{¶7}   One of the most important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated.  See, *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983).

{¶8}   Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶9}   "I.  THE TRIAL COURT ERRORED WHEN IT DENIED DEFENDANT-APPELLANTS MOTION TO FIND THAT THE COMPLAINT THAT WAS FILED IN THE MUNICIPAL COURT DID NOT COMFORT TO CRIM.R. 3 & WAS INVALID & THAT THE JUDGEMENT OF CONVICTION IS A NULLITY (*sic throughout).*"

**ANALYSIS**

{¶10} Appellant argues the trial court was without subject matter jurisdiction due to an invalid complaint in the municipal court.  We disagree.

{¶11} Contrary to appellant's argument, subject matter jurisdiction properly rests with the court of common pleas in the instant case. Assuming *arguendo* there are any flaws in the municipal court complaint, those errors are irrelevant. Felony jurisdiction of the court of common pleas is invoked upon the return of an indictment by the grand jury, which occurred in this case on November 12, 2010. *Click v. Eckle*, 174 Ohio St. 88, 89, 186 N.E.2d 731 (1962).

{¶12} R.C. 2931.03 states in pertinent part, "The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Crim.R. 7(A) states in pertinent part, "A felony that may be punished by death or life imprisonment shall be prosecuted by indictment. All other felonies shall be prosecuted by indictment * * *." An affidavit and complaint are not necessary when an indictment has been filed. *State v. Robison*, 5th Dist. Licking No. 02CA00015, 2002-Ohio-7216, ¶ 51.

{¶13} Upon appellant's indictment by the grand jury, he was properly within the subject matter jurisdiction of the court of common pleas. "Consequently, any alleged defects with the initial complaint are irrelevant and harmless to appellant's convictions because he was tried and convicted on the indictment." *State v. Henderson*, 8th Dist. Cuyahoga No. 95655, 2012-Ohio-1040, appeal not allowed, 132 Ohio St.3d 1516, 2012-Ohio-4021, 974 N.E.2d 113, citing *State v. Jenkins,* 4th Dist. Lawrence No. 02CA5, 2003–Ohio–1058, ¶ 24.

{¶14} The trial court properly overruled appellant's motion challenging the court's subject matter jurisdiction.  Appellant's sole assignment of error is therefore overruled.

**CONCLUSION**

{¶15} The judgment of the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Farmer, P.J.

Wise, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE