By the Court.
 

 During our consideration of this case the Chief Justice advanced the contention that the removal of a public officer is a political question; and that therefore the decision of the court of common pleas removing Judge Bostwick; is final and not judicially reviewable. That this was not the legislative purpose is clear, for none of the removal statutes stipulate that the decision of the common pleas court shall be final, but they do stipulate that its decision may be reviewable upon error. Such conclusion, that the decision of the common pleas court is final, is not advanced by counsel for either side; not by counsel for Bostwick, for he invoked the jurisdiction of the Court of Appeals and of this court; nor is it advanced by counsel for the other side, for he expressly and in open court disavowed any such claim.
 

 The contention thus advanced, as above stated, is based on the argument that the power of removal is a political question purely, and not justiciable. If that be so — if the power of removing judges be political and not judicial — then it is clear that the Chief Justice himself could not exercise his authority to select the
 
 *183
 
 court to try Bostwick; for the office of Chief Justice is clothed, not with political, but with judicial powers. It is well settled that if a statutory power is conferred upon the common pleas court in the first instance it is a judicial power, and its judgment as in any other case is subject to review by the Court of Appeals and by this court. In
 
 City of Zanesville
 
 v.
 
 Zanesville Telegraph & Telephone Co.,
 
 64 Ohio St., 67, 59 N. E., 781, 52 L. R. A., 150, 83 Am. St. Rep., 725, the second paragraph of the syllabus reads:
 

 “The fact that a power is conferred by statute on a court of justice, to be exercised by it in the first instance in a proceeding instituted therein, is, itself, of controlling importance as fixing the judicial character of the power, and is decisive in that respect unless it is reasonably certain that the power belongs exclusively to the legislative or executive department.”
 

 The cases of
 
 State, ex rel. Atty. Genl.,
 
 v.
 
 Hawkins,
 
 44 Ohio St., 98, 5 N. E., 228, and
 
 State, ex rel. Vogt,
 
 v.
 
 Donahey, Governor,
 
 108 Ohio St., 440, 140 N. E., 609, can be distinguished, for in both of those cases the power of removal was lodged in the Governor. Here by Sections 10-1, General Code,
 
 et seq.,
 
 the Legislature not only intended, but did in express terms, confer the power of removal on the common pleas court, as a court. It provided that the court should render
 
 “judgment
 
 of forfeiture of said office with all its emoluments entered thereon against” the party charged with misconduct; it provided definitely for venue of trial, methods of procedure, which were to be “of public record” and filed with the clerk; it provided for subpoena and process; and, so that the rights of the litigants might be safeguarded, it expressly provided that the “decision of the court of common pleas in all cases for the removal of officers may be reviewed on error by the court of appeals.” Section 10-4. And it further provided for the filing of the “transcript of the record and the petition in error * * * in such court of
 
 *184
 
 appeals.” Who can successfully maintain that the judicial character of the power of removal has not been fixed by the Legislature within the holding of the
 
 Zanesville case, supra¶
 
 And who can question the constitutional power of the Legislature to confide jurisdiction to remove officers upon its courts ?
 

 Article IV, Section 4, of the Constitution, provides that the jurisdiction of the common pleas court shall be fixed by law; and Article II, Section 38, provides that “Laws shall be passed providing for the prompt removal from office,” etc. Under these sections full provisions were legislatively adopted committing the power of removal upon a court of first instance, with specific provisions for judicial review by superior courts.
 

 Since the majority of this court construes and holds that the powers and functions employed by the statutes alluded to are judicial powers and functions conferred upon the courts, no constitutional question is presented. For that reason, the motion to dismiss should be sustained.
 

 Motion sustained.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Stephenson, J., not participating.