It was conceded on trial by the sheriff and his counsel, and is conceded here, that horse racing took place at the places and times alleged in the complaint, and that systematic wagering was conducted in connection with such racing. The sheriff testified that he had knowledge of such racing "just by report, rumor and common knowledge." The sheriff also stated that he issued permits to North Randall, Cranwood, and Thistledown race tracks to operate for a limited time, and refused a permit to other race tracks in Cuyahoga county to operate. His testimony on this point was as follows:
"A. Mr. Alber [chief deputy of the sheriff's office] and myself lengthily, we discussed the three tracks, and likely the other two, and decided as I said to you from the beginning, owing to economic reasons, we favored the Cranwood, Thistledown and Randall tracks.
"Q. And you advised those who made the appeal to you concerning the Brooklyn track they could not run? A. We advised them they couldn't run. * * *
"Q. Well, now, you say you knew of three, which three? A. Randall, Cranwood and Thistledown."
The main defense presented by the plaintiff in error is that it was not the sheriff's duty to interfere with such races, or the wagering and betting connected *Page 597 
therewith, because such do not constitute offenses against the "public peace of the county."
The wagering and betting conceded to have existed is illegal in this state under Sections 13059, 13062, and 13063, General Code.
The sheriff is the chief law enforcement officer in the county, with jurisdiction coextensive with the county, including all municipalities and townships. Sewell's Law on Sheriffs, 30; Murfree on Sheriffs, 629, 639, 640.
When the sheriff of Cuyahoga county granted the privilege of operation to three tracks and denied it to other tracks, he assumed a jurisdiction which he now denies, and admitted his understanding of his powers when he said, "As sheriff of Cuyahoga county I can prohibit any horse to run." While the sheriff is not required to patrol his county as a policeman, nor to ferret out crime as a detective, under the conceded facts of this case he committed malfeasance in office, contrary to the provisions of Sections 13432-1 and 2833, General Code, which required him as peace officer to "preserve the public peace." He assumed the power to authorize continued and wholesale violation of Sections 13059, 13062, and 13063, General Code, and did specifically authorize such violation, which constituted an offense against the public peace.People v. Rounds, 67 Mich. 482, 485, 35 N.W. 77; Sewells Law on Sheriffs, 30; Murfree on Sheriffs, 629, 639, 640; Miles v.State, 30 Okl. Cr., 302, 236 P. 57, 44 A. L. R., 129; Scougale
v. Sweet, 124 Mich. 311, 82 N.W. 1061; South
v. State of Maryland, 18 How. (59 U.S.), 396, 403,15 L.Ed., 433; State, ex rel. Thompson, Atty. Genl., v. Reichman,Sheriff, 135 Tenn. 653, (rehearing) 685, 188 S.W. 225, 597, Ann. Cas., 1918B, 889; State, ex rel. Sonner, v. Dean, 98 W. Va. 88, 126 S.E. 411.
The question of jurisdiction is completely disposed *Page 598 
of in favor of the plaintiff in error by the case of In reBostwick, Judge, ante, 182, 180 N.E. 713.
Judgment affirmed.
JONES, MATTHIAS, DAY, ALLEN, KINKADE and STEPHENSON, JJ., concur.