STEBBINS, APPELLANT, *v.* RHODES, GOVERNOR, et al,,
APPELLEES

(No. 77-1302—Decided December 6, 1978.)

*Messrs. Fontana, Ward & Kaps,* and *Mr. William J. Melvin,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Charles E. Brown* and *Mr. Ira Owen Kane,* for appellees.

HERBERT, J. Appellant urges primarily that R. C. 3.04* must be struck down because it fails to explicitly provide that actions for removal shall be upon complaint and hearing, and because it allegedly permits the Senate to invade the province of the judicial branch of government by exercising judicial power in contravention of Section 32 of Article II of the Constitution of Ohio.

We decline to reach appellant's contention concerning constitutional due process because the record unequivocally establishes that he was fully accorded his rights in that regard. Appellant was removed for cause upon complaint and after notice and hearing, and he was not prejudiced by that which he argues is a flaw in the statute. *American Power & Light Co.* v. *S. E. C.* (1946), 329 U. S. 90; *State, ex rel. Hoel,* v. *Brown* (1922), 105 Ohio St. 479, 485, 138 N. E. 230; *State, ex rel. Allstate Ins. Co.,* v. *Bowen* (1936), 130 Ohio St. 347, 367, 199 N. E. 355; see *Holbrock* v. *Smedley* (1909), 79 Ohio St. 391, 407, 87 N. E. 269; *Prentiss* v. *Dittmer* (1913), 93 Ohio St. 314, 323, 112 N. E. 1021; *State, ex rel. Hofstetter,* v. *Kronk* (1969), 20 Ohio St. 2d 117, 119, 254 N. E . 2d 15.

Appellant's assertion that R. C. 3.04 unconstitutionally

*R. C. 3.04 provides as follows:

"When not otherwise provided by law, an officer who holds his office by appointment of the governor with the advice and consent of the senate may be removed from office by the governor with the advice and consent of the senate, if it is found that such officer is inefficient or derelict in the discharge of his duties, if the ethics commission created by section 102.05 of the Revised Code has found, based upon a preponderance of the evidence, that the facts alleged in a complaint under section 102.06 of the Revised Code constitutes a violation of Chapter 102 of the Revised Code, if the officer fails to file or falsely files a statement, required by section 102.02 of the Revised Code, or if it is found that he has used his office corruptly. If, in the recess of the senate, the governor is satisfied that such officer is inefficient, derelict, committed such violation of Chapter 102 of the Revised Code, or corrupt, he may suspend such officer from his office and report the facts to the senate at its next session. If in such report the senate advises and consents to the removal, such officer shall be removed, but otherwise he shall be restored to his office."

permits a breach of the doctrine of separation of powers is not well taken. In discussing this issue, Judge Whiteside stated in the Court of Appeals:

"* * * defendant contends that R. C. 3.04 confers the exercise of judicial power upon the Senate and, therefore, is violative of Section 32, Article II, Ohio Constitution, which provides that:

" 'The general assembly shall grant no divorce, nor exercise any judicial power not herein expressly conferred.'

"Although it may under proper circumstances be conferred upon the courts, the power to remove a public officer is not *per se* the exercise of a judicial power. *State, ex rel. Attorney-General, v. Hawkins* (1886), 44 Ohio St. 98; *State, ex rel. Meader, v. Sullivan* (1898), 58 Ohio St. 504; and *In re Bostwick* (1932), 125 Ohio St. 182. Rather, the power to remove is ordinarily a concomitant of the power of appointment, which by virtue of Section 27, Article II, Ohio Constitution, the General Assembly ordinarily cannot exercise, as held in *State, ex rel. Burns,* v. *DiSalle* (1961), 172 Ohio St. 363, the syllabus of which reads:

" 'The provision of Section 3769.02, Revised Code, which requires that the names of appointees to the State Racing Commission be submitted to the Senate for its "advice and consent," confers upon the General Assembly an appointive power prohibited by Section 27, Article II of the Constitution of Ohio, and such provision is, therefore, invalid and of no force and effect.'

"Subsequent to the decision in *Burns,* the people adopted Section 21, Article III, Ohio Constitution, specifically providing that: 'When required by law, appointments to state office shall be subject to the advice and consent of the Senate. * * *' That section further provided that:

" '* * * All statutory provisions requiring advice and consent of the Senate to appointments to state office heretofore enacted by the General Assembly are hereby validated, ratified and confirmed as to all appointments made hereafter, but any such provision may be altered or repealed by law.'

"Inasmuch as Section 21, Article III, Ohio Constitution expressly allows the conferring of special appointive power upon the Senate to advise and consent to appointments to state office, the other portion of the appointive power, that is the power to remove, can also reasonably be conferred upon the Senate. We find no constitutional infirmity in a provision that an officer whose appointment was made with the advice and consent of the Senate shall have his removal, for cause, similarly subject to the advice and consent of the Senate.

"In any event, the power to advise and consent to removal of an officer whose appointment was similarly made in no way constitutes the exercise of the judicial power by the General Assembly in violation of Section 32, Article II, Ohio Constitution. * * *"

We concur with the foregoing conclusion of the Court of Appeals and the judgment of that court is affirmed.

*Judgment affirmed.*

LEACH, C. J., CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.