OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, John Roskovich, appeals the decision of the Belmont County Court, Eastern Division that convicted him of using a weapon while intoxicated in violation of R.C. 2923.15(A). Roskovich argues that his conviction is invalid since the arresting officers were outside their jurisdiction at the time of his arrest. He also contends that his conviction is against the manifest weight of the evidence. For the following reasons, the trial court's judgment is affirmed.
 {¶ 2} If a police officer makes an extraterritorial arrest, then evidence arising from that arrest may be suppressed in certain circumstances. But the legality of the arrest does not affect the trial court's jurisdiction. Roskovich did not move to suppress the officers' testimony. Thus, any argument relating to the officer's lack of jurisdiction to arrest is waived.
 {¶ 3} Roskovich argues that his conviction is against the manifest weight of the evidence because there is no evidence that he was intoxicated at the time the shots were fired. But he is incorrect. The officers on the scene all testified that Roskovich was intoxicated shortly after someone reported hearing shots and Roskovich admitted that he fired the shots. His conviction is not against the manifest weight of the evidence.
 Facts {¶ 4} On April 1, 2004, Roskovich's wife called the Village of Bellaire's police department. Various officers responded to the call. While on their way to the call, the officers also heard a report that shots had been fired. When the officers arrived on the scene, Roskovich walked toward them. He was carrying an open bottle of beer, smelled of alcohol, and his speech was slurred. The officers asked him about the gunshots. Roskovich admitted that he fired the weapon, but stated that he did so outside the village's boundaries. Subsequently, the officers arrested Roskovich on two charges: one count of domestic violence and one count of using a weapon while intoxicated.
 {¶ 5} The matter proceeded to a bench trial where the trial court found Roskovich not guilty of domestic violence, but guilty of using a weapon while intoxicated. It then sentenced Roskovich to 180 days in jail, with 150 of those days suspended upon certain conditions. His sentence was stayed by the trial court pending appeal.
 Contents of Appellate Brief {¶ 6} In his appellate brief, Roskovich raises two assignments of error, but cites no legal authority supporting either of those assignments of error. The Appellate Rules require that a party support each of its assignments of error with "[a]n argument containing the contentions of the appellant * * * and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). We have the authority to disregard any assignment of error which fails to comply with these requirements. App.R. 12(A)(2). Thus, we could disregard all of Roskovich's assignments of error and affirm his conviction.
 {¶ 7} In this case, we decline to do so since Roskovich's arguments are clear enough to enable us to reach the merits. We do not wish to prevent Roskovich from appealing his conviction merely because his counsel failed to cite authority in support of a clear legal argument. But we emphasize that a legal argument with legal support is critical to meaningful review of a party's appeal. Without it, in many cases it puts the reviewing court in the position of resolving cases on a procedural, rather than merit basis.
 Jurisdiction {¶ 8} In his second of two assignments of error, Roskovich argues:
 {¶ 9} "Defendant was arrested and prosecuted without proper jurisdiction."
 {¶ 10} Roskovich contends the trial court did not have jurisdiction to try him without proof that the shots were fired in Bellaire's village limits because the arresting officers were from Bellaire. He argues the State failed to prove that the shots were fired in Bellaire. Thus, he claims his conviction is invalid.
 {¶ 11} R.C. 2935.03(A)(1) governs a police officer's authority to arrest and states:
 {¶ 12} "A sheriff, deputy sheriff, marshal, deputy marshal, municipal police officer, township constable, police officer of a township or joint township police district * * * shall arrest and detain, until a warrant can be obtained, a person found violating, within the limits of the political subdivision * * * in which the peace officer is appointed, employed, or elected, a law of this state, an ordinance of a municipal corporation, or a resolution of a township."
 {¶ 13} If a police officer makes an extraterritorial arrest, then any evidence coming from that arrest may be suppressed. See State v.Weideman, 94 Ohio St.3d 501, 2002-Ohio-1484. But Roskovich did not move for the trial court to suppress any evidence. And a defendant's failure to raise an issue in a motion to suppress constitutes a waiver of that issue on appeal. State v. Peagler, 76 Ohio St.3d 496, 500, 1996-Ohio-0073; State v. Rindler, 2nd Dist. No. 19536, 2003-Ohio-2403.
 {¶ 14} Roskovich's argument is not that the evidence arising from an extraterritorial arrest should have been suppressed. Rather, that it deprived the trial court of territorial jurisdiction. But this argument is meritless. Whether the police officer is lawfully authorized to arrest an offender has nothing to do with whether the trial court has jurisdiction over the crime. The officers' territorial jurisdiction is simply unrelated to the trial court's jurisdiction. The evidence in the record conclusively demonstrates that the offense occurred within the trial court's territorial jurisdiction.
 {¶ 15} If Roskovich wished to challenge the charges based upon an unlawful arrest, then he should have filed a motion to suppress based on the allegedly unlawful arrest. He did not. His second assignment of error is meritless.
 Manifest Weight {¶ 16} In his first assignment of error, Roskovich argues:
 {¶ 17} "The defendant was found guilty against the manifest weight of the evidence."
 {¶ 18} In particular, Roskovich contends that the State failed to prove beyond a reasonable doubt that he was intoxicated when he discharged the firearm.
 {¶ 19} When reviewing a manifest weight claim, this court's role is to examine whether the evidence produced at trial "attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy (1998), 84 Ohio St.3d 180, 193, 1998-Ohio-0533. To do this, a reviewing court must sit as the "thirteenth juror" and examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury "`clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-0052, quoting State v.Martin (1983) 20 Ohio App.3d 172, 175. "`The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. at 387, quoting Martin at 175.
 {¶ 20} Roskovich was convicted of using a weapon while intoxicated, a violation of R.C. 2923.15(A), which provides "[n]o person, while under the influence of alcohol or any drug of abuse, shall carry or use any firearm or dangerous ordnance."
 {¶ 21} In this case, Roskovich admitted to the police officers that he had fired a weapon. Thus, the only issue he is challenging on appeal is whether it was against the manifest weight of the evidence for the trial court to find that he was under the influence of alcohol when he used the firearm.
 {¶ 22} The police received a phone call at 10:48 p.m. on April 1, 2004 from Mrs. Roskovich. The police responded to the call and, while on their way to the scene, another officer reported that shots had been fired. No more than five minutes after hearing that shots had been fired, the officers arrived on the scene and saw Roskovich slowly walking out of the grass near his home. He had an open bottle of beer in his hand and "had a strong smell of alcohol coming from him." An officer also testified that Roskovich had slurred speech. That officer believed Roskovich was intoxicated, but he did not perform a field sobriety test. Another officer testified that he "could tell [Roskovich] was drinking an alcoholic beverage" because of the odor coming from Roskovich and believed Roskovich was intoxicated. But that officer also failed to perform any field sobriety tests.
 {¶ 23} Given this testimony, Roskovich's conviction was not against the manifest weight of the evidence. Three officers testified that they saw Roskovich with an open beer bottle about five minutes after shots were reported. Two of those officers testified that Roskovich smelt strongly of alcohol and was intoxicated. One of those officers also testified that Roskovich's speech was slurred. There is no testimony contradicting the officer's statements. Given the officers' testimony and the short period of time between their observations of Roskovich and the time the shots were fired, this evidence "attains the high degree of probative force and certainty required of a criminal conviction." Getsy at 193. Roskovich's arguments to the contrary are meritless.
 {¶ 24} Accordingly, each of Roskovich's arguments is meritless and the judgment of the trial court is affirmed.
Donofrio, P.J., concurs. Vukovich, J., concurs.