DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Antwan Wright, appeals his conviction out of the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} Appellant was indicted on October 19, 2004, on one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree; and one count of possession of drug abuse paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.
 {¶ 3} The matter proceeded to trial on January 19, 2005. At the conclusion of trial, the jury found appellant guilty of both counts. The trial court sentenced appellant accordingly. Appellant timely appeals, setting forth three assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT IMPROPERLY OVERRULED DEFENSE COUNSEL'S OBJECTION WHEN THE COURT PERMITTED THE STATE'S WITNESS TO READ THE BCI'S REPORT INTO EVIDENCE."
 {¶ 4} Appellant argues that the trial court erred by admitting the testimony of Detective Roger Watkins regarding a Bureau of Criminal Investigation and Identification ("BCI") lab report he did not prepare. This Court disagrees.
 {¶ 5} The decision to admit or exclude evidence lies in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180. This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} Appellant argues that Detective Watkins' testimony regarding the BCI report was inadmissible, because he did not prepare the report and had no personal knowledge as to its contents. Appellant argues that such testimony, therefore, violated Evid.R. 602, which states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter." While Detective Watkins did not sign or prepare the report, he testified that he performed a field test on the white substance found in a baggie on appellant's person. The detective testified that the field test indicated that the substance contained cocaine. He testified that he then sent the substance to BCI for formal lab testing. Accordingly, Detective Watkins was aware of preliminary results regarding the identity of the substance, if not the formal lab results.
 {¶ 7} The State filed a notice of intent to submit the BCI lab report and notice of appellant's right to demand the testimony of the person signing the report, pursuant to R.C.2925.51. R.C. 2925.51(A) provides that the BCI report constitutes prima facie evidence of the content and identity of the substance in question, in this case cocaine, so long as the requisite notarized statement is attached to the report. The BCI report in this case contains the requisite notice and notarized statement of the signer of the report. In addition, a review of the record indicates that appellant stipulated to the admission of the BCI report.
 {¶ 8} This Court finds that the trial court's admission of Detective Watkins' testimony regarding the BCI report constitutes harmless error. Crim.R. 52(A) states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "Where evidence has been improperly admitted in derogation of a criminal defendant's constitutional rights, the admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." State v. Williams (1983), 6 Ohio St.3d 281,290, citing Harrington v. California (1969), 395 U.S. 250, 254. Because appellant had stipulated to the admission of the BCI lab report, which report merely confirmed the results of the field test performed by Detective Watkins, the admission of the detective's testimony constituted harmless error, and appellant has not demonstrated that he was prejudiced by its admission. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT IMPROPERLY LIMITED DEFENSE COUNSEL'S DIRECT EXAMINATION OF APPELLANT."
 {¶ 9} Appellant argues that the trial court erred by excluding appellant's testimony regarding his prior criminal record, specifically testimony regarding any previous pleas or plea negotiations. In particular, appellant attempted to convince the jury that, during his past encounters with the criminal justice system, he had entered into plea negotiations, creating the inference that his choosing to defend against this charge pointed toward his innocence. This Court disagrees with appellant's argument.
 {¶ 10} As this Court previously stated, the decision to admit or exclude evidence lies in the sound discretion of the trial court. Sage, 31 Ohio St.3d at 180. This Court, therefore, reviews the trial court's decision regarding evidentiary matters under an abuse of discretion standard of review. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore, 5 Ohio St.3d at 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, 66 Ohio St.3d at 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} Appellant testified in his own defense at trial. Accordingly, evidence of appellant's prior convictions was generally admissible pursuant to Evid.R. 608, 609 and 613. Evid.R. 402, however, states, in relevant part: "All relevant evidence is admissible * * *. Evidence which is not relevant is not admissible." Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 12} The State argues that prior plea negotiations and appellant's belated protestations of innocence in regard to prior convictions are not relevant to the determination of whether or not appellant possessed cocaine and drug abuse paraphernalia in this case. This Court agrees. Because appellant's testimony about such matters was not relevant to the issues in this case, the trial court did not abuse its discretion by precluding appellant's testimony in that regard. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 13} Appellant argues that his conviction must be reversed, because trial counsel was ineffective for failing to file a demand for testimony pursuant to R.C. 2925.51 in regard to the BCI report. This Court disagrees.
 {¶ 14} This Court uses a two-step process as set forth inStrickland v. Washington (1984), 466 U.S. 668, 687, to determine whether a defendant's right to the effective assistance of counsel has been violated.
"First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
 {¶ 15} To demonstrate prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691.
 {¶ 16} This Court must analyze the "reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland,466 U.S. at 690. The defendant must first identify the acts or omissions of his attorney that he claims were not the result of reasonable professional judgment. This Court must then decide whether counsel's conduct fell outside the range of professional competence. Id. There is a strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 17} In this case, appellant's theory of the case was not that the substance in question was not cocaine. Rather, appellant's theory was that he had never possessed the substance which tested positive for cocaine. Accordingly, appellant did not dispute the BCI lab reports, which identified the substance as .51 grams of a rock-like substance containing cocaine. In fact, appellant stipulated to the results of the BCI lab report. Counsel's failure to file a demand for testimony pursuant to R.C.2925.51 merely to verify the report signer's education, training, and experience in performing the analysis; that the scientifically accepted tests were performed with due caution; and that the evidence was handled in accordance with established and accepted procedures while in the custody of the laboratory constituted trial tactics premised on appellant's theory of the case. Where trial counsel's actions fall within the realm of trial tactics, such actions do not constitute an ineffective assistance of counsel. See State v. Bradford, 9th Dist. No. 22441, 2005-Ohio-5804, at ¶ 27. In addition, appellant has not demonstrated that counsel's failure to demand testimony pursuant to R.C. 2925.51 was not sound trial strategy.
 {¶ 18} Prior to the State's filing of its notice of intent to submit the BCI lab report, the State identified Officer Corey Earl and Detective Roger Watkins as potential witnesses in this case. Arresting Officer Corey Earl of the Lorain Police Department and the United States Marshal Service Violent Fugitive Task Force testified that he observed appellant drinking alcohol from an open container on the street. When Officer Earl questioned appellant's identity, appellant appeared to search for identification and he placed his hands in his pockets. When appellant removed his hands from his pockets, Officer Earl noticed that appellant was holding a plastic bag containing several pieces of a white substance. Officer Earl testified that, based on his experience as a police officer, he believed the substance to be crack cocaine. Officer Earl testified that he field tested the substance, which tested positive for crack cocaine.
 {¶ 19} Detective Roger Watkins of the Lorain Police Department, Narcotics Division, testified that he routinely follows up on drug investigations. He testified that, in this case, he appeared on the scene soon after appellant was arrested. Detective Watkins testified that he collected the evidence that had been taken from appellant and performed his own field test on the contents of the plastic bag, which test indicated the presence of cocaine. He testified that he then sent the substance to BCI for formal lab tests, as was his normal procedure. Detective Watkins testified that BCI sent a lab report back to him, as is the bureau's normal procedure. He testified that the lab report confirmed that the substance contained cocaine.
 {¶ 20} Because both Officer Earl and Detective Watkins tested and identified the substance as cocaine, appellant has failed to demonstrate how he was prejudiced by trial counsel's failure to demand testimony of the BCI lab technician in regard to his independent testing of the substance. In addition, appellant has failed to demonstrate how the outcome of the trial would have been different had he demanded such testimony. Appellant's third assignment of error is overruled.
 III. {¶ 21} Appellant's assignments of error are overruled. Appellant's conviction out of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.