[Cite as *Cleveland v. Carson*, 2014-Ohio-608.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100060

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## YALANDA CARSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 CRB 039089

**BEFORE:** Boyle, A.J., S. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 20, 2014

**ATTORNEY FOR APPELLANT**

Thomas G. Haren
Seeley, Savidge, Ebert & Gourash
26600 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
Director of Law
BY:   Victor R. Perez
Chief Prosecutor
Marco A. Tanudra
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Yalanda Carson, appeals her conviction for permitting drug abuse. Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶2} Carson was charged with a single count of permitting drug abuse, a violation of R.C. 2925.13. She pleaded not guilty to the charge, and the matter proceeded to a bench trial where the following evidence was presented.

{¶3} Following reports of drug activity at 10909 Sandusky Avenue and the discovery of cocaine residue in several sandwich-size bags during a "trash pull" outside of the residence, Cuyahoga Metropolitan Housing Authority ("CMHA") police officers obtained a search warrant for the premises. Carson resided at the house with her husband, Timothy Burrage, and their two children. The CMHA officers, in conjunction with a Cleveland police SWAT unit and K-9 unit, executed the warrant on November 2, 2012.

{¶4} According to CMHA police officer Paul Hermensky, the drug-sniffing canine present at the scene alerted to something in the dining room. In one dining room cabinet, police discovered a ceramic plate with a white substance, later determined to be 1.54 grams of cocaine, and a razorblade. In another dining room cabinet, police discovered "marijuana roaches" and a marijuana grinder. Based on the photographs offered into evidence, the dining room cabinets had leaded-glass doors. Police further discovered a marijuana grinder on the dining room table and a scale with residue in the

immediate-mantel area. The residue on the scale was later determined to be cocaine. Hermensky testified that all of these items were in plain view upon their entry into the home.

{¶5} Officer Hermensky further testified that "a nice sum of crack cocaine" was found in a jacket stored in the entryway closet, which was later determined to be 8.87 grams of crack cocaine. The officers also located a firearm and two magazine cartridges under the master bedroom mattress.

{¶6} Officer Hermensky further indicated that they encountered six people upon entering the home: Carson, Burrage, their two children (both under the age of 18), and two other adult males. Officer Hermensky testified that Carson indicated that they were all playing cards earlier and that she had smoked some marijuana. She denied, however, being aware of any of the items seized from the house.

{¶7} CMHA police detective Thomas Williams corroborated officer Hermensky's testimony. He further testified that Burrage pleaded guilty to drug trafficking in connection with the evidence seized from the search.

{¶8} The trial court found Carson guilty of the single charge of permitting drug abuse and sentenced her to 180 days in jail and a $1,000 fine. The trial court further ordered all of the days in jail suspended, $800 of the fine suspended, and one year of community controlled sanctions.

{¶9} Carson appeals her conviction, raising four assignments of error:

I.  The trial court erred by denying appellant's motion for continuance due to new trial counsel's being unprepared to proceed on the

scheduled trial date, thus denying appellant effective assistance of counsel in violation of Amendments VI and XIV of the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

II.    Appellant's former public defender provided ineffective assistance of counsel by failing to follow the procedure outlined in R.C. 2925.51 and demanding live testimony from the lab technician who tested the alleged contraband, thus waiving appellant's right to confront the witnesses against her in violation of Amendments VI and XIV of the United States Constitution, and Article I, Section 10 of the Ohio Constitution.

III.    The trial court erred by exercising subject matter jurisdiction over this case, where the officers executed an extra-jurisdictional search warrant.

IV.    The trial court erred by convicting appellant based on insufficient evidence, thereby denying her due process of law in violation of Amendment XIV to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

**{¶10}** For ease of discussion, we will address these assignments of error out of order.

Denial of Motion for Continuance

**{¶11}** In her first assignment of error, Carson argues that the trial court abused its discretion in denying her motion to continue the trial. She further contends that the denial of her trial counsel's motion for a continuance denied her effective assistance of counsel. We disagree.

**{¶12}** The decision to grant or deny a continuance rests with the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *State v. Character*, 8th Dist. Cuyahoga No. 93765, 2010-Ohio-4128, ¶ 16. "Abuse of discretion" has been described as a ruling that lacks a "sound reasoning process"; it is a decision that

is unreasonable, arbitrary, or unconscionable. *State v. Torres*, 8th Dist. Cuyahoga No. 99596, 2013-Ohio-5030, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶13} "'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). A trial court should consider certain factors when deciding whether to grant a criminal defendant's motion for a continuance: (1) the length of the requested delay; (2) whether the defendant has requested and received other continuances; (3) the inconvenience to each of the parties and their attorneys, witnesses, or the court; (4) the legitimacy of the request or whether it is simply a dilatory tactic; (5) whether the requesting party's actions created the need for the delay; and (6) any other relevant factors based on the facts of the case. *Id.*

{¶14} Here, the record reveals that Carson's attorney moved for the continuance the day of trial, despite the trial court having granted several continuances on the defendant's behalf previously. The case had been pending for over five months, placing the case within the six-month limit of Sup.R. 39. The city's witnesses were all present and ready to testify. Notably, defense counsel ultimately acknowledged that he was prepared to go to trial. It appears that the defense counsel's primary motivation for the

continuance was for the trial court to consider his untimely motion to suppress that he had filed that same day. As discussed below, however, the motion lacked merit and, therefore, Carson suffered no prejudice by the trial court's refusal to grant leave to file the motion and continue the trial.

{¶15} The first assignment of error is overruled.

## Court's Subject Matter Jurisdiction

{¶16} In her third assignment of error, Carson argues that the trial court lacked subject matter jurisdiction over the case because the CMHA officers, who executed the search warrant and charged Carson, operated outside their jurisdictional limits. Specifically, Carson contends that the CMHA officers only have authority to exercise police powers on CMHA properties, which did not include the property at issue.

{¶17} In support of this argument, Carson relies on dicta contained in *State v. Dailey*, 8th Dist. Cuyahoga No. 93214, 2010-Ohio-1981, ¶ 19, wherein this court expressed concern over a CMHA officer stopping an individual outside of a CMHA property pursuant to a mutual aid agreement with the local municipality. But Carson's argument is misplaced. In this case, both Officer Hermensky and Det. Williams testified that, in addition to being CMHA officers, they are sworn Cuyahoga County sheriff's deputies. This court has consistently rejected any argument that CMHA officers who serve as a deputy sheriff lack the authority to arrest outside CMHA properties. As this court has previously stated:

> R.C. 2935.03(A)(1) allows a peace officer to effectuate an arrest within his appointed territorial jurisdiction. A deputy sheriff's territorial

jurisdiction is limited to the county in which that deputy has been elected or appointed to perform his duties. *See In re Sulzmann, Sheriff* (1932), 125 Ohio St. 594, 596, 183 N.E. 531. Therefore, since [the CMHA officers] testified they were sworn deputy sheriffs at the time of the arrest, they had proper authority to arrest appellant within Cuyahoga County.

*State v. Moore*, 8th Dist. Cuyahoga No. 92829, 2010-Ohio-3305, ¶ 38; *see also State v. Banks*, 8th Dist. Cuyahoga No. 97299, 2012-Ohio-2304, ¶ 18 (recognizing that CMHA officers who are also sworn as a sheriff's deputy possess the authority to arrest within the county).

{¶18} While Carson acknowledges these cases, she argues that they are inapplicable because they dealt with a motion to suppress and not a motion to dismiss. These cases, however, recognize the authority of CMHA officers, who also serve as a sheriff's deputy, to arrest outside of a CMHA property within Cuyahoga County. Given that Carson's motion to dismiss argument is premised on the CMHA officers' lacking authority, these cases directly belie such a claim.

{¶19} Further, Carson's subject matter jurisdiction argument fails regardless of the CMHA officers' authority to execute the search. As explained by the Ohio Supreme Court, "municipal courts are created by statute, R.C. 1901.01, and their subject-matter jurisdiction is also set by statute." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 11. An Ohio municipal court "has jurisdiction over misdemeanors occurring within its territorial jurisdiction." *Id.*, citing R.C. 1901.20(A)(1). The filing of a complaint, in accordance with Crim.R. 3, invokes the jurisdiction of a municipal court. *Id.* at ¶ 12.

**{¶20}** Here, the offense at issue, permitting drug abuse, is a misdemeanor offense (R.C. 2925.13(C)(2)). Because the instant case involved an alleged misdemeanor violation occurring within Cleveland, and the complaint complied with Crim.R. 3, the trial court had subject-matter jurisdiction over the offense. *Id.* at ¶ 11-12, citing R.C. 1901.02(A)(2) and (B). *See also State v. Roskovich*, 7th Dist. Belmont No. 04BE37, 2005-Ohio-2719, ¶ 14 (rejecting defendant's claim that court lacked subject matter jurisdiction, noting that "[t]he officers' territorial jurisdiction is simply unrelated to the trial court's jurisdiction").

**{¶21}** The third assignment of error is overruled.

Ineffective Assistance of Counsel

**{¶22}** In her second assignment of error, Carson argues that she was denied effective assistance of counsel.

**{¶23}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

**{¶24}** Carson first complains that the trial court's denial of her continuance coupled with the public defender's rotation of defense counsel deprived her of the

effective assistance of counsel. She contends that had her trial counsel been assigned to the case earlier, he would have timely filed a motion to dismiss or motion to suppress based on the extra-territorial search. But as discussed above, there are no grounds to grant either motion. The CMHA officers had the authority to execute the search in this case. Moreover, despite the public defender's rotation of attorneys, Carson's counsel was prepared for trial, as represented by her counsel to the trial court prior to the trial commencing.

{¶25} Carson next argues that she was denied effective assistance of counsel based on her trial counsel's failure to subpoena the lab technician who signed the lab report that detailed the amount and existence of cocaine. She argues that because her trial counsel failed to do so, he effectively waived her right to confront the witness at trial. She points to R.C. 2925.51(C), which recognizes that a laboratory report from the bureau of criminal identification and investigation, is not considered prima facie evidence of the content, identity, and weight of the substance "if the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days * * * from receipt of the report." Otherwise, without such a demand, the report is considered prima facie evidence under R.C. 2925.51(A) and any subsequent confrontation issue is waived. *See State v. Collins*, 8th Dist. Cuyahoga No. 95422, 2011-Ohio-4808, ¶ 57.

{¶26} But Ohio courts have routinely held that a defense counsel's decision to forgo filing a demand for testimony of the lab technician under R.C. 2925.51 falls within

the realm of trial strategy. *Id.*; *State v. Wright*, 9th Dist. Lorain No. 05CA008675, 2006-Ohio-926, ¶ 17. And while Carson points to her trial counsel's stated admission that it was not his trial strategy, we find that these remarks hold no weight. Notably, Carson's trial counsel never moved for a continuance of the trial for the stated purpose of calling the lab technician as a witness. Trial counsel indicated his desire to do so only *after* the city had rested and *after* his Crim.R. 29 motion was denied. Further, defense counsel's strategy of questioning the officers as to the existence of "dummy stones" and "dummy rocks," implying that the drugs were fake, was not hampered by the absence of the lab technician's testimony. If anything, it appears that defense counsel's theory was stronger without live testimony refuting it. We simply find no evidence in the record to support Carson's broad claim that she was prejudiced by the absence of the lab technician's testimony.

{¶27} The second assignment of error is overruled.

### Sufficiency of the Evidence

{¶28} In her final assignment of error, Carson argues that the city failed to present sufficient evidence to sustain the conviction. We disagree.

{¶29} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574

N.E.2d 492 (1991), paragraph two of the syllabus.

{¶30} Carson was convicted of a single count of permitting drug abuse, a violation of R.C. 2925.13, which provides as follows:

> No person who is the owner, lessee, or occupant, or who has custody, control, or supervision, of premises or real estate * * * shall knowingly permit the premises or real estate * * * to be used for the commission of a felony drug abuse offense by another person.

{¶31} Carson argues that the Sixth District's decision in *Toledo v. Warnka*, 6th Dist. Lucas No. L-08-1231, 2009-Ohio-2941, is directly on point and urges this court to follow it. In *Warnka*, the Sixth District reversed the defendant's conviction of permitting drug abuse, finding that the city failed to present sufficient evidence to allow for a reasonable inference that defendant knew of felony cocaine abuse in her home. Upon executing the search warrant, the police discovered several glass marijuana pipes on the first floor and basement of the house. The police further discovered a "Test Clear" urine test in the dining room, which, according to the officer, is used to avoid testing positive for illegal substances. As for evidence of felony drug abuse, the police found cocaine in the upstairs bedroom shared by the defendant's adult daughter and the daughter's boyfriend. In reversing the defendant's conviction, the court reasoned as follows:

> The only evidence of drug use discovered in the common areas of the home were marijuana pipes and a urine cleansing tool. While this

evidence might allow the court to infer that appellant knew there was marijuana drug abuse occurring in her home, we find that this evidence does not provide a reasonable basis for a rational trier of fact to infer that appellant knew of cocaine abuse in her home. This distinction is significant because marijuana abuse is a misdemeanor offense and, thus, would not provide a basis for establishing that appellant permitted a felony drug abuse.

* * *

In this case, however, the police officers searching appellant's home only discovered the evidence of felony drug abuse in the room of appellant's daughter, Sierra, who was an adult woman cohabitating with her boyfriend. There was no evidence that appellant ever entered the room, despite the fact she was in control of the premises. Moreover, absent any evidence showing otherwise, and under the circumstances in this case, we find that it is unreasonable to infer that appellant would have entered the bedroom inhabited by her adult daughter and her daughter's boyfriend, or investigated the contents therein.

*Id.* at ¶ 18-19.

{¶32} We find the facts of this case distinguishable. This is not a case where the evidence of felony drug abuse was hidden in an adult daughter's bedroom. Here, in addition to the obvious marijuana paraphernalia that was in plain view in the dining room,

Officer Hermensky further identified evidence of cocaine abuse in the dining room. Specifically, Officer Hermensky identified the ceramic plate with cocaine and a razorblade in the glass cabinet in the dining room, as well as a digital scale with cocaine residue on the mantel. According to Officer Hermensky, these items were in plain view. And while the glass door may have slightly concealed the ceramic plate with cocaine, the digital scale was discovered on top of the mantel over the fireplace — out in the open. The evidence further revealed that Carson admitted to smoking marijuana earlier in the day before the officers' arrival. Given that the evidence of cocaine was discovered in a common room of the house nearby the marijuana and marijuana-related paraphernalia, we find that a reasonable inference could be drawn that Carson had knowledge of the cocaine abuse.

{¶33} The final assignment of error is overruled.

{¶34} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE   JUDGE

SEAN C. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR