[Cite as *State v. Nettles*, **2018-Ohio-436.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

Court of Appeals No. S-16-044

Appellee

Trial Court No. 15 CR 658

v.

Keith Nettles

**DECISION AND JUDGMENT**

Appellant

Decided:  February 2, 2018

* * * * *

Julia R. Bates, Special Prosecuting Attorney, and Evy M. Jarrett,
Assistant Special Prosecuting Attorney, for appellee.

Danielle C. Kulik and Geoffrey L. Oglesby, for appellant.

* * * * *

**PIETRYKOWKSI, J.**

{¶ 1} Defendant-appellant, Keith Nettles, appeals the October 4, 2016 judgment of

the Sandusky County Court Common Pleas which, following a jury trial finding him

guilty of possession of cocaine and resisting arrest, sentenced him to a total of 12 months

of imprisonment.  Because we find no error, we affirm.

**{¶ 2}** On August 6, 2015, appellant was indicted on one count of possession of cocaine in an amount exceeding 27 grams but less than 100 grams, a first-degree felony, one count of trafficking in cocaine, a first-degree felony, and one count of resisting arrest, a second-degree misdemeanor. The trafficking and possession of cocaine charges were reduced to fifth-degree felonies based on this court's decision in *State v. Gonzalez*, 6th Dist. Wood No. WD-13-086 (which was ultimately, on reconsideration, reversed by the Supreme Court of Ohio in *State v. Gonzales*, 150 Ohio St.3d 2017, 2017-Ohio-777, 81 N.E.3d 419 (*Gonzales II*)).

**{¶ 3}** The matter proceeded to a jury trial on February 18, 2016, and the following relevant evidence was presented. Fremont Patrol Officer Christian Ortolani testified that on July 1, 2015, at the start of his shift at 1:00 p.m., he was made aware that appellant, who he knew, had an active warrant. Thereafter, Officer Ortolani was driving a marked police cruiser when he spotted appellant in front of a home on Tiffin Street in Fremont, Sandusky County, Ohio.

**{¶ 4}** Officer Ortolani testified that he approached appellant and told him that he had a warrant. Ortolani informed appellant that he was under arrest; appellant took off running. Officer Ortolani deployed his taser but it missed appellant. Eventually, Ortolani caught up to appellant; he testified that just before taking him to the ground, he observed appellant throw a large white baggie containing what he believed to be narcotics. The baggie was recovered within a few minutes on the roof of a nearby garage. After testing the substance it was identified as crack cocaine. Officer Ortolani further testified that

2.

appellant had two cellular phones and a large sum of money ($970) on his person at the time of his arrest.

{¶ 5} Officer Ortolani was wearing a body microphone which began recording when he approached appellant; the audio recording was played for the jury. During the recording Officer Ortolani could clearly be heard telling appellant that he saw him throw something. Based on this fact, Ortolani asked dispatch to request backup to secure the scene. The recording was admitted into evidence.

{¶ 6} During cross-examination, Officer Ortolani acknowledged that when asked, he did not inform appellant of the basis of the warrant for his arrest. Ortolani further acknowledged that the other men with appellant also began running away upon his approach. Officer Ortolani admitted that he did not see where the baggie had been thrown and that he ordered people a few houses away to stay out of the area in order to protect the crime scene. Officer Ortolani was questioned about the laboratory testing report; he admitted that they did not request that the baggie be tested for fingerprints.

{¶ 7} Fremont Patrol Officer Dustin Nowak testified that on July 1, 2015, he heard over the police radio about a foot pursuit on Tiffin Street and proceeded in that direction. Upon arrival, Officer Nowak stated that he was informed by Officer Ortolani that appellant threw something and that he did not want anyone walking back by that area. Officer Nowak stated that he worked on keeping the crowd back and calm. After a few minutes he walked with Ortolani back between the houses to begin looking for what was thrown.

3.

{¶ 8} Officer Nowak stated that he was initially looking at ground level until Officer Ortolani advised him that appellant threw the item straight up in the air. Nowak stated that he got up on a chain-link fence rail and was able to look on top of a garage roof. Officer Nowak stated that on the roof, he observed a clear plastic baggie with a white substance inside. Nowak stated that the bag was not worn or weathered.

{¶ 9} Fremont Police Sergeant Ty Conger testified that on July 1, 2015, he went to assist at the Tiffin Street scene involving appellant. Sergeant Conger stated that a crowd had gathered and people were yelling. Conger admitted to needing additional back-up to make sure the scene was controlled and people were kept away from the search area.

{¶ 10} Appellant testified on his behalf. Appellant stated that he had a knee replacement surgery in August 2014, and that he still has intermittent problems with it. He testified that he is unable to run.

{¶ 11} Appellant stated that on July 1, 2015, he was in front of his mom's house on Tiffin Street and was "shooting dice" or gambling with three other individuals. Appellant testified that Officer Ortolani approached him and stated that he had a warrant for his arrest but would not tell appellant what it was for. Appellant also stated that Ortolani already had the "stun gun" in his hand. Appellant stated that all four men began running.

{¶ 12} Appellant testified that Officer Ortolani fell and the stun gun went off. The officer caught up with appellant and he was forced down in dog feces. Appellant said that Officer Ortolani accused him of throwing something; he denied it stating that he had

4.

nothing to throw. Appellant stressed that he had never seen the drugs before and had no idea how they got on the garage roof; he opined that had he thrown the bag, it would have ended up on the ground. During cross-examination, appellant again admitted that he ran from Officer Ortolani but stated that he did not know why.

{¶ 13} Following closing arguments, jury instructions and deliberations, appellant was convicted of resisting arrest and possession of cocaine. He was acquitted of drug trafficking. This appeal followed the October 4, 2016 final judgment entry, with appellant raising the following three assignments of error:

> Assignment of Error No. I. The defendant suffered from ineffective assistance of counsel when his counsel neglected to have the BCI technician subpoenaed for trial.

> Assignment of Error No. II. The court erred in overruling the motion for acquittal and sustaining the verdict which was against the manifest weight of the evidence.

> Assignment of Error No. III. The court erred when it sentenced the defendant to the maximum penalty.

{¶ 14} Appellant's first assignment of error challenges trial counsel's failure to subpoena the Bureau of Criminal Investigation ("BCI") technician who conducted the chemical analysis of the substance in the baggie recovered at the scene. Appellant states that this failure evidences the fact that his attorney did not believe in his innocence.

5.

{¶ 15} To establish ineffective assistance of counsel, a criminal defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice under *Strickland* requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "To justify a finding of ineffective assistance of counsel, the appellant must overcome a strong presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995), citing *Strickland* at 689.

{¶ 16} R.C. 2925.51 sets forth the evidentiary requirements for the admission of laboratory reports. Such reports alone may be admitted as evidence unless "the accused or the accused's attorney demands the testimony of the person signing the report, by serving the demand upon the prosecuting attorney within seven days from the accused or the accused's attorney's receipt of the report." R.C. 2925.51(C).

{¶ 17} In a case also involving cocaine possession, the court concluded that counsel was not ineffective for failing to file a demand for testimony under R.C. 2925.51, and the decision was considered trial tactics or strategy. *State v. Wright*, 9th Dist. Lorain No. 05CA008675, 2006-Ohio-926. The court in *Wright* noted that appellant's theory of

6.

the case was that he had never possessed the cocaine, not the identity of the substance. *Id.* at ¶ 17. *See Cleveland v. Carson*, 8th Dist. Cuyahoga No. 100060, 2014-Ohio-608.

{¶ 18} Similarly, in the present case the theory at trial was that appellant never possessed the cocaine. Appellant himself espoused this theory during his testimony. Thus, any failure to request the testimony of the BCI analyst was proper trial strategy; there was no need to highlight the nature of the substance itself. Appellant's first assignment of error is not well-taken.

{¶ 19} Appellant's second assignment of error contends that the court erred in denying his Crim.R. 29 motion for acquittal and that the jury's verdict was against the manifest weight of the evidence.

{¶ 20} This court has held that the standard of review for a Crim.R. 29 motion is "the same standard as is used to review a sufficiency of the evidence claim." *State v. Witcher*, 6th Dist. No. L-06-1039, 2007-Ohio-3960, ¶ 20. Accordingly, the relevant inquiry is "whether any rational fact finder, after reviewing the evidence in a light most favorable to the state, could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *State v. Clemons*, 82 Ohio St.3d 438, 444, 696 N.E.2d 1009 (1998), certiorari denied, 525 U.S. 1077, 119 S.Ct. 816, 142 L.Ed.2d 675 (1998).

{¶ 21} However, while an appellate court may determine that a judgment is sustained by sufficient evidence, it may still conclude that the judgment is against the weight of the evidence. (Citation omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387,

7.

678 N.E.2d 541 (1997). Under a manifest weight standard, an appellate court sits as the "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. *Id.* The appellate court, "'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Since appellant's assignment of error encompasses both sufficiency and manifest weight issues, we must apply both standards.

{¶ 22} At trial, appellant and appellant's attorney did not dispute that appellant ran from police and, thus, resisted arrest. Appellant was also convicted of possession of cocaine, R.C. 2925.11(A)(C)(4)(a), which provides:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

* * *

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree,

8.

and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶ 23} Appellant contends that the state failed to prove that he possessed the cocaine. Appellant bases his argument on the fact that "there was no eye witness that can say they followed the line of sight from throw of the bag to where the bag was found." In support of his argument, appellant, citing *State v. Kulig*, 37 Ohio St.2d 157, 309 N.E.2d 897 (1974), stresses that in order to rely on circumstantial evidence of possession, the evidence must be irreconcilable with any reasonable theory of appellant's innocence. This is not an accurate statement of the law.

{¶ 24} The holding in *State v. Kulig* was expressly overruled by the Supreme Court of Ohio in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus, wherein, the court held:

> Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof. When the state relies on circumstantial evidence to prove an essential element of the offense charged, there is no need for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction. Therefore, where the jury is properly and adequately instructed as to the standards for reasonable doubt a special instruction as to circumstantial evidence is not required.

9.

{¶ 25} The term "possession" is defined in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession may be constructive or actual. Constructive possession is shown when a person "knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. While close proximity to contraband is insufficient alone to prove constructive possession, it can be used as circumstantial evidence to establish constructive possession. *State v. Chapman*, 73 Ohio App.3d 132, 138, 596 N.E.2d 612 (3d Dist.1992). Constructive possession can be inferred from a totality of the circumstances. *State v. Norman*, 10th Dist. Franklin No. 03AP-298, 2003- Ohio-7038, ¶ 31.

{¶ 26} In the present case, Officer Ortolani testified that he observed appellant throw a large white baggie which appeared to contain narcotics. A large white baggie containing crack cocaine was found on an adjacent garage roof. Testimony was presented that the bag did not appear weathered and that onlookers were restricted access to the area during the investigation. Reviewing all the evidence before the jury, we find that the evidence was sufficient to support a finding that appellant was guilty of the elements of the drug possession offense, beyond a reasonable doubt.

{¶ 27} Appellant essentially makes the same arguments as to his claim that the drug possession conviction was against manifest weight of the evidence. Testimony

10.

presented at trial hinged on whether the jury believed Officer Ortolani's or appellant's testimony. We cannot say that in finding Ortolani's testimony to be credible, the jury lost its way and created a miscarriage of justice. *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541 (1997). Accordingly we find that appellant's conviction for drug possession was not against the manifest weight of the evidence. Appellant's second assignment of error is not well-taken.

{¶ 28} In appellant's third and final assignment of error, he contends that his maximum sentence was contrary to law. Appellant was convicted of drug possession, a fifth-degree felony with a sentencing range of six to 12 months, and resisting arrest, with a maximum sentence of 90 days.

{¶ 29} As to appellant's drug possession conviction (he does not make any arguments specific to his resisting arrest conviction), we review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings
>
> under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of
>
> section 2929.14, or division (I) of section 2929.20 of the Revised Code,
>
> whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

11.

{¶ 30} Appellant correctly notes that R.C. 2929.13(B)(1)(a) creates a presumption against imposing prison time and in favor of community control sanctions for nonviolent fourth or fifth-degree felonies which meet certain criteria. Regardless, a trial court may sentence an offender to prison if the court finds one of the factors under R.C. 2929.13(B)(1)(b)(i)-(xi) exists to overcome the presumption. These factors include having previously served a prison term, R.C. 2929.13(B)(1)(b)(x).

{¶ 31} Here, appellant was convicted of a nonviolent fifth-degree felony. At the September 30, 2016 sentencing hearing, the court noted that appellant had served a ten-year prison term on a prior felony conviction and that he had an extensive misdemeanor record. In fact, the court noted that appellant "had about 45 entries in his criminal record since 1992." Thus, the presumption against a prison term under R.C. 2929.13(B)(1)(a) was overcome. Because the presumption in favor of community control was rebutted and because the sentences were not clearly and convincingly contrary to law, we find that appellant's third assignment of error is not well-taken.

{¶ 32} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Sandusky County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE